**ORIGINAL**

CHARLES EDWARD SCHRADER
341 Rutherford Avenue
Redwood City, CA 94061
(650) 575-8937
*In Propria Persona*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION



FILED

APR 25 2013

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

| | |
|---|---|
| *In re:*<br><br>NARINDER SANGHA,<br><br>    Debtor.<br><br>——————————————<br><br>CHARLES EDWARD SCHRADER<br><br>    Plaintiff,<br><br>v.<br><br>NARINDER SANGHA,<br><br>    Defendant. | Case No.: 6:13-bk-16964-MH<br><br>Adversary No. _____<br><br>Chapter 7<br><br>COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(6)<br><br>(Hearing Date to be set by Summons) |

**BY FAX**

Plaintiff CHARLES EDWARD SCHRADER alleges and states as follows:

## I. VENUE AND JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§1334 and 157(b)(2)(j).

2. The last date for filing complaints to determine the dischargeability of debts pursuant to 11 U.S.C. §523 is July 19, 2013.

3. Venue in the action is proper in this Court pursuant to 28 U.S.C. §1409.

4. The Debtor and Defendant NARINDER SANGHA filed his voluntary petition under Chapter 7 of the Bankruptcy Code on August 18, 2013 in the United States Bankruptcy Court for the Central District of California, Case No. 6:13-bk-16964-MH.

## II. PARTIES

5. At all times material hereto, Creditor and Plaintiff, CHARLES EDWARD SCHRADER ("Plaintiff") is an individual who resides in the County of San Mateo.

6. The Debtor and Defendant, NARINDER SANGHA ("SANGHA") is an individual who currently resides in the County of Riverside.

## III. FIRST CLAIM FOR RELIEF FOR NON-DISCHARGEABILITY OF JUDGEMENT DEBTS BASED ON 11 USC §523(a)(6) - WILLFUL AND MALICIOUS PERSONAL INJURY

7. Plaintiff repeats and realleges the allegations contained in paragraphs 1- 6, inclusive, and by reference thereto incorporates the same herein as though fully set forth at length.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

8. On October 13, 2009, Plaintiff filed a complaint against SANGHA for general, special, and punitive damages incurred as a result of a series of defamatory statements SANGHA willfully made orally of and about Plaintiff in an employment related background interview concerning Plaintiff in Case No. GCG-09-493364 in the Superior Court of the County of San Francisco, State of California ("the Defamation case"). Attached as Exhibit A is a true and correct copy of the operative complaint in that action.

9. Each of all fourteen causes of action in the Defamation case complaint alleged that SANGHA made the defamatory statements about Plaintiff with malice and the intent to injure Plaintiff's good name and reputation.

10. There were no allegations of fraud or oppression in the Defamation case complaint.

11. SANGHA was personally served with the Summons and Complaint in the aforementioned action, and through counsel, filed an answer (general denial) on November 17, 2009.

12. On March 4, 2011, the Court ordered terminating sanctions against SANGHA for ignoring a lawfully issued interrogatory and two subsequent court orders compelling response, striking SANGHA's answer.

13. On June 2, 2011, after a prove-up hearing, the court entered a default judgment of $1,369,633.40 against SANGHA, comprised of the following amounts:

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

| | |
|---|---|
| General Damages | $1,000,000.00 |
| Special Damages | $ 362,535.40 |
| Punitive Damages | $ 6,000.00 |
| Costs | $ 1,098.00 |
| Total Judgment | $1,369,633.40 |

Attached as Exhibit B is a true and correct copy of the Court's default judgment against SANGHA, and attached as Exhibit C is a true and correct copy of the declaration used in the prove-up hearing supporting each of the specific awards of damages for general, specific, and punitive damages and costs.

14. On November 14, 2011, after a second change in counsel, the court denied SANGHA's motion to set aside default judgment, finding the declaration of fault from SANGHA's original counsel not credible.

15. The decision denying SANGHA's motion to set aside default judgment was not appealed, and the judgment is now final.

16. By engaging in the acts and conduct hereinabove alleged, SANGHA willfully and maliciously injured Plaintiff.

17. Plaintiff was damaged by reason of SANGHA's actions herein in the sum entered as judgment against SANGHA in the Superior Court.

18. SANGHA has failed to satisfy the judgment against him.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

19. Plaintiff asserts, as alleged herein, said debt is not dischargeable per 11 USC §523(a)(6) as a result of the Court's finding that SANGHA's injury of Plaintiff was willful and malicious as evidenced by the court's $6,000.00 award of punitive damages.

**WHEREFORE, Plaintiff prays for damages as follows:**

1) For judgment in his favor on all claims asserted herein;

2) For a judgment deeming that the judgment debt owed by SANGHA to Plaintiff to be non-dischargeable pursuant to 11 U.S.C. §523(a)(6), based on the willful and intentional personal injury to Plaintiff committed by SANGHA;

3) For costs of suit incurred herein; and

4) For such other and further relief as the court deems just and appropriate.

Dated:  *04/24/13*                     Respectfully submitted,

_____

Charles Edward Schrader

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

# EXHIBIT A

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

FEB 1 4 2011

CLERK OF THE COURT
BY: ROSSALY DE LA VEGA-NAVARRO
Deputy Clerk

1  C Edward Schrader
   341 Rutherford Avenue
2  Redwood City, CA 94061
   (650) 575-8937
3  In Pro Per

4

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  C EDWARD SCHRADER,                    Case No.: CGC-09-493364

12          Plaintiff,

13      vs.                               SECOND AMENDED COMPLAINT FOR
                                          DAMAGES FOR SLANDER AND
14  NARINDER SANGHA,                      SLANDER PER SE

15          Defendant.

16

17  As and for his Complaint herein Plaintiff, C EDWARD SCHRADER, alleges as follows:

18                         **PARTIES AND JURISDICTION**

19

20      1.      Plaintiff, C EDWARD SCHRADER (hereinafter referred to as "Plaintiff", or "Mr.

21  Schrader") is a male of the age of majority, a citizen of the U.S. and is a resident of the city of

22  Redwood City, County of San Mateo, State of California.

23      2.      Defendant NARINDER SANGHA (hereinafter referred to as "Defendant", or "Mr.

24  Sangha") is of the age of majority and, at all times material herein, a resident of the city and county

25  of San Francisco, State of California.

26

27      3.      The jurisdiction of this Court arises under the laws of the State of California.

28

                              - 1 -

4.      The damages suffered by Plaintiff are in excess of this Court's minimum amount for unlimited jurisdiction.

5.      Venue is proper in the County of San Francisco because Defendant lives in San Francisco and San Francisco is where the allegations contained in this complaint occurred.

### GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

6.      Plaintiff realleges and incorporates by reference paragraphs 1 through 5, above, as though fully set forth herein.

7.      Plaintiff, at all times material hereto, was working in Corporate Finance as a Controller for Cisco Systems, Inc. in San Jose, California. Plaintiff has always enjoyed a favorable reputation and good name, in both his personal and professional life at all times prior to the actions of Defendant as alleged herein.

8.      Defendant, from the period of July, 2008 to July, 2009 worked as a professor in the School of Fashion at the Academy of Arts University in San Francisco, California.

9.      Plaintiff and defendant were in a dating relationship from early July, 2008 through March 16, 2009.

10.      During the period of their dating relationship, Defendant revealed to Plaintiff that he suffered from sexual addiction, and participated in Sex Addicts Anonymous, a twelve step program for sexual addiction modeled after Alcoholics Anonymous in an effort to abstain from sexually compulsive behavior.

11.      Throughout their dating relationship, Defendant maintained to Plaintiff that Defendant was 'sober' and abstinent from sexually compulsive behavior.

12.      Throughout their dating relationship, Plaintiff and Defendant shared a mutual interest in changing professions to become firefighters.

13.    Throughout their dating relationship, Plaintiff participated as a candidate in the City of San Jose's interview, testing, and selection process with the goal of securing an offer of employment as a firefighter recruit.

14.    Throughout their dating relationship, Plaintiff kept Defendant informed of Plaintiff's status in the City of San Jose's selection process.

15.    Throughout their dating relationship, in support of Defendant's professional aspirations, Plaintiff helped Defendant select and enroll in an Emergency Medical Technician (EMT) Program with the goal of achieving accreditation as an EMT.

16.    EMT Accreditation is a necessary qualification for many firefighter recruit positions, including positions with the San Francisco Fire Department.

17.    Throughout their dating relationship, Plaintiff was accredited as an EMT.

18.    Throughout their dating relationship, Plaintiff tutored Defendant in his EMT coursework.

19.    In February 2009, unbeknownst to Plaintiff, Defendant began a second romantic relationship with another man, a Mr. James Setterlund.  Plaintiff later became aware of the relationship, but Defendant characterized his relationship with Mr. Setterlund as that of purely platonic.

20.    Defendant concealed his communications with Mr. Setterlund from Plaintiff, arousing suspicion on the part of Plaintiff that defendant and Mr. Setterlund were more than 'just friends'.

21.    During the time he was involved romantically with Mr. Setterlund, Defendant expressed both affection for and continued romantic interest in Plaintiff.

22.    On March 16, 2009, Plaintiff discovered that Defendant had made plans to meet with yet another man – a man above majority age identifying himself as 'Jon Zucker' - for the purposes of a consensual sexual encounter.

23.    Plaintiff witnessed Defendant meeting with the man identifying himself as 'Jon Zucker' on the corner of Haight and Baker streets in San Francisco, California on March 16, 2009, shortly after 5:00pm PST.

24.    As a result of defendant's repeated deception and sexual addition, on March 16, 2009, Plaintiff ended the relationship with Defendant and warned Mr. Setterlund of defendant's sexual addiction and tendency toward deception.

25.    Mr. Setterlund soon thereafter ended his relationship with Defendant.

26.    On March 17, 2009, Plaintiff received angry and threatening text messages from Defendant, angry because plaintiff disclosed defendant's addiction to Mr. Setterlund.

27.    Early in their dating relationship, Plaintiff lent Defendant a white Ford Ranger pickup truck and gave him driving lessons in support of both supporting defendant's professional goals and enabling their long distance dating relationship.

28.    As of March 27, 2009, ten days after their dating relationship had ended, Defendant had still not returned plaintiff's truck, prompting Plaintiff to begin requesting that he do so.

29.    On April 10, 2009, after repeated prompting from Plaintiff, Defendant finally physically returned Plaintiff's truck and truck title.

30.    Plaintiff believes Defendant intended to keep plaintiff's truck, and possessed ill will toward plaintiff due to plaintiff's insistence that it be returned.

31.    After the dating relationship ended with Plaintiff, Defendant subsequently failed to obtain EMT accreditation.

32. After the dating relationship ended, Plaintiff kept Defendant appraised as to his success in obtaining a conditional offer of employment with the San Jose Fire department.

33. Plaintiff believes defendant possessed ill will toward plaintiff as a result of plaintiff's success in securing a conditional offer of employment as a firefighter recruit.

34. On August, 21, 2009, as part of a background investigation to determine Plaintiff C. Edward Schrader's suitability for employment with the San Jose Fire Department, Defendant Narinder Sangha was interviewed by Michael Foreman, a private investigator.

35. Mr. Foreman conducted the interview at the request of Mr. David Reuben of DR Associates, a private investigation firm acting as an agent of the San Jose Fire Department.

36. Plaintiff is informed and believes that during the interview with Mr. Foreman, Defendant Narinder Sangha orally published a series of false and defamatory statements about, of, and concerning Plaintiff C Edward Schrader.

37. Mr. Foreman then published the statements Defendant Narinder Sangha made about, of, and concerning Plaintiff C Edward Schrader in a written report sent to Mr. David Reuben at DR Associates.

38. Mr. Reuben shared the defamatory statements made by defendant Narinder Sangha in a meeting with San Jose Fire Department personnel on or around September 4, 2009.

39. Subsequently and as a direct result of Defendant Narinder Sangha's false and defamatory statements about, of, and concerning Plaintiff C. Edward Schrader, Plaintiff C Edward Schrader's conditional offer of employment with the San Jose Fire Department was withdrawn.

## FIRST CAUSE OF ACTION

## (Slander Per Se – Civil Code §46)

40.    Plaintiff realleges and incorporates by reference paragraphs 1 through 39, above, as though fully set forth herein.

41.    Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff:  that Plaintiff C Edward Schrader had physically abused him.

42.    Mr. Foreman reasonably understood that the statement referred to Plaintiff and reasonably understood them to mean that Plaintiff was being accused of having committed a crime, to wit: battery.

43.    Battery is considered a crime in California under California Penal Code §242-243.

44.    The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

45.    Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

46.    The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Slander Per Se – Civil Code §46)

47.     Plaintiff realleges and incorporates by reference paragraphs 1 through 46, above, as though fully set forth herein.

48.     Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff:  that Plaintiff C Edward Schrader had verbally abused him.

49.     Mr. Foreman reasonably understood that the statement referred to Plaintiff.

50.     The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof.

51.     Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

52.     The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (Slander Per Se – Civil Code §46)

53.     Plaintiff realleges and incorporates by reference paragraphs 1 through 52, above, as though fully set forth herein.

54.     Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff:  that Plaintiff C Edward Schrader had emotionally abused him.

55.     Mr. Foreman reasonably understood that the statement referred to Plaintiff.

56.     The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

57.     Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

58.     The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Slander Per Se – Civil Code §46)

59.     Plaintiff realleges and incorporates by reference paragraphs 1 through 58, above, as though fully set forth herein.

60.     Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and

concerning Plaintiff: that Defendant Narinder Sangha ended his romantic relationship with Mr. Schrader immediately and directly as a result of an act of domestic violence on Mr. Schrader's part.

61.    Mr. Foreman reasonably understood that the statement referred to Plaintiff and reasonably understood them to mean that Plaintiff was being accused of having committed a crime, to wit: battery.

62.    Battery is considered a crime in California under California Penal Code §242-243.

63.    The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

64.    Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

65.    The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Slander per Se – Civil Code §46)

66.    Plaintiff realleges and incorporates by reference paragraphs 1 through 65, above, as though fully set forth herein.

67.   Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff: that Plaintiff C Edward Schrader began harassing Mr. Sangha by entering the rear of Mr. Sangha's property and walking through a passageway which goes by the door to Mr. Sangha's basement apartment.

68.   Mr. Foreman reasonably understood that the statement referred to Plaintiff and reasonably understood them to mean that Plaintiff was being accused of having committed a crime, to wit: stalking.

69.   Stalking is considered a crime in California under California Penal Code §646.9.

70.   The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

71.   Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

72.   The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Slander Per Se – Civil Code §46)

73.    Plaintiff realleges and incorporates by reference paragraphs 1 through 72, above, as though fully set forth herein.

74.    Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff: that Plaintiff C Edward Schrader harassed Mr. Sangha by calling him at all hours.

75.    Mr. Foreman reasonably understood that the statement referred to Plaintiff.

76.    The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

77.    Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

78.    The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Slander Per Se – Civil Code §46)

79.    Plaintiff realleges and incorporates by reference paragraphs 1 through 78, above, as though fully set forth herein.

- 11 -
SECOND AMENDED COMPLAINT

80.     Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff: that Plaintiff C Edward Schrader harassed Mr. Sangha by sending him text messages at all hours.

81.     Mr. Foreman reasonably understood that the statement referred to Plaintiff.

82.     The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

83.     Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

84.     The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

### EIGHTH CAUSE OF ACTION

### (Slander per Se – Civil Code §46)

85.     Plaintiff realleges and incorporates by reference paragraphs 1 through 84, above, as though fully set forth herein.

86.     Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and

concerning Plaintiff:  that Plaintiff C Edward Schrader harassed Mr. Sangha by showing up at his

twelve step meetings.

87.    Mr. Foreman reasonably understood that the statement referred to Plaintiff and

reasonably understood them to mean that Plaintiff was being accused of having committed a crime, to

wit: stalking.

88.    Stalking is considered a crime in California under California Penal Code §646.9.

89.    The aforesaid defamatory statement made allegedly by Defendant was and is false

and was not privileged. Defendant made said statement knowing the falsity thereof or without using

reasonable care to determine the truth or falsity thereof.

90.    Defendant made the aforesaid defamatory statement with malice and with the intent to

injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant

harbored ill-will toward Plaintiff.

91.    The aforesaid defamatory statement has harmed plaintiff's reputation; such a

statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment

prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to

redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be

proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## NINTH CAUSE OF ACTION

### (Slander per Se – Civil Code §46)

92.    Plaintiff realleges and incorporates by reference paragraphs 1 through 91, above, as

though fully set forth herein.

93.     Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff:  that Plaintiff C Edward Schrader had physically abused other romantic partners.

94.     Mr. Foreman reasonably understood that the statement referred to Plaintiff and reasonably understood them to mean that Plaintiff was being accused of having committed a crime, to wit: battery.

95.     Battery is considered a crime in California under California Penal Code §242-243.

96.     The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

97.     Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

98.     The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## TENTH CAUSE OF ACTION

### (Slander per Se– Civil Code §46)

99.     Plaintiff realleges and incorporates by reference paragraphs 1 through 98, above, as though fully set forth herein.

100.    Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff: that Plaintiff C Edward Schrader threatened Defendant Narinder Sangha with physical abuse if Defendant Narinder Sangha did not comply with Plaintiff's C Edward Schrader's wishes.

101.    Mr. Foreman reasonably understood that the statement referred to Plaintiff and reasonably understood them to mean that Plaintiff was being accused of having committed a crime, to wit: assault.

102.    Assault is considered a crime in California under California Penal Code §240.

103.    The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

104.    Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

105.    The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

### (Slander Per Se – Civil Code §46)

- 15 -
SECOND AMENDED COMPLAINT

106.   Plaintiff realleges and incorporates by reference paragraphs 1 through 105, above, as though fully set forth herein.

107.   Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff:  that Plaintiff C Edward Schrader seemed not to have any friends.

108.   Mr. Foreman reasonably understood that the statement referred to Plaintiff and that reasonably understood them to mean that Plaintiff had no interest in other people.

109.   The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

110.   Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

111.   The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## TWELVTH CAUSE OF ACTION

### (Slander Per Se – Civil Code §46)

112.   Plaintiff realleges and incorporates by reference paragraphs 1 through 111, above, as though fully set forth herein.

113.    Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff: that Plaintiff C Edward Schrader would get furious when Defendant Narinder Sangha did not get things done on the lists Plaintiff C Edward Schrader would give him.

114.    Mr. Foreman reasonably understood that the statement referred to Plaintiff.

115.    The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

116.    Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

117.    The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## THIRTEENTH CAUSE OF ACTION

### (Slander per Se – Civil Code §46)

118.    Plaintiff realleges and incorporates by reference paragraphs 1 through 117, above, as though fully set forth herein.

119.    Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and

concerning Plaintiff: that Plaintiff C Edward Schrader's relationship with a former romantic partner was based on drinking and fighting.

120.    Mr. Foreman reasonably understood that the statement referred to Plaintiff, and understood Defendant's statement to mean that Plaintiff lacked sobriety and battered a former romantic partner.

121.    Battery is considered a crime in California under California Penal Code §242-243.

122.    The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

123.    Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

124.    The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## FOURTEENTH CAUSE OF ACTION

### (Slander per Se – Civil Code §46)

125.    Plaintiff realleges and incorporates by reference paragraphs 1 through 124, above, as though fully set forth herein.

126.   Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff: that Plaintiff C Edward Schrader had a "good way of suiting up and presenting himself", and "had a talent for presenting himself as a different person than the person Mr. Sangha knew".

127.   Mr. Foreman reasonably understood that the statement referred to Plaintiff, and understood Defendant's statement to mean that Plaintiff lacked integrity.

128.   The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

129.   Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

130.   The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1) For economic damages, to be proven at trial;

2) For general and compensatory damages, to be proven at trial;

3) For exemplary damages to be proven at trial;

4) For cost of suit and attorney fees;

5) For interest on all sums awarded at the maximum allowable rate;

6) For such other and further relief as the Court may deem just and proper.

Dated: _2/14/11_

_C Edward Schrad_

C Edward Schrader, Plaintiff
*In Propria Persona*

# EXHIBIT B

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

1  C Edward Schrader
2  341 Rutherford Avenue
   Redwood City, CA 94061
3  (650) 575-8937
4  In Pro Per



ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUN 02 2011

CLERK OF THE COURT
BY: _WESLEY RAMIREZ_
                    Deputy Clerk

5

6          SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                  COUNTY OF SAN FRANCISCO

8

9   C EDWARD SCHRADER                    Case No.: CGC-09-493364

10          Petitioner,

11                                       NOTICE OF ENTRY OF JUDGMENT

12  vs.

13  NARINDER SANGHA

14          Respondent.

15

16  PLEASE TAKE NOTICE that on June 2, 2011, the San Francisco Superior Court per

17  Judge Ellen Chaitin issued a Judgment in the above captioned action.  A true copy of

18  the Judgment is attached hereto as Exhibit A and incorporated by reference hereto.

19

20  Dated:  _6/2/11_

21

22                                       _C Edward Schrader_

23                                       C Edward Schrader, Plaintiff
                                         In Propria Persona
24

25

26

27

28

29

30

              NOTICE OF ENTRY OF JUDGMENT

JUD-100

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*<br>C Edward Schrader<br>341 Rutherford Avenue<br>Redwood City, CA 94061<br>TELEPHONE NO.: 650 575 8937       FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* In Pro Per | **FOR COURT USE ONLY**<br><br>ENDORSED<br>F I L E D<br>*San Francisco County Superior Court*<br><br>JUN − 2 2011<br><br>CLERK OF THE COURT<br>BY: JACQUELYN WILLIS-McGHEE<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Unlimited

PLAINTIFF: C Edward Schrader

DEFENDANT: Narinder Sangha

| JUDGMENT | | CASE NUMBER: |
|---|---|---|
| ☐ By Clerk    ✓ By Default<br>✓ By Court    ☐ On Stipulation | ☐ After Court Trial<br>☐ Defendant Did Not<br>Appear at Trial | CGC-09-493364 |

## JUDGMENT

1. ✓ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ✓ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ✓ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court   ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*
      before *(name of judicial officer):*
   b. Appearances by:
      ☐ Plaintiff *(name each):*                    ☐ Plaintiff's attorney *(name each):*
         (1)                                             (1)
         (2)                                             (2)
      ☐ Continued on Attachment 3b.
      ☐ Defendant *(name each):*                    ☐ Defendant 's attorney *(name each):*
         (1)                                             (1)
         (2)                                             (2)
      ☐ Continued on Attachment 3b.
   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was   requested.

Page 1 of 2

| PLAINTIFF: C Edward Schrader | CASE NUMBER: |
|---|---|
| DEFENDANT: Narinder Sangha | CGC-09-493364 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☑ **THE COURT**  ☐ **THE CLERK**

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

a. ☑ for plaintiff *(name each)*:

   C Edward Schrader

   and against defendant *(names)*:

   Narinder Sangha

   ☐ Continued on Attachment 5a.

b. ☐ for defendant *(name each)*:

c. ☐ for cross-complainant *(name each)*:

   and against cross-defendant *(name each)*:

   ☐ Continued on Attachment 5c.

d. ☐ for cross-defendant *(name each)*:

6. **Amount.**

a. ☑ Defendant named in item 5a above must pay plaintiff on the complaint:

| (1) | ☑ | Damages | $ 1,368,535.40 |
|---|---|---|---|
| (2) | ☐ | Prejudgment interest at the annual rate of   % | $ |
| (3) | ☐ | Attorney fees | $ |
| (4) | ☐ | Costs | $   1,098.00 |
| (5) | ☐ | Other *(specify)*: | $ |
| (6) | | **TOTAL** | $ 1,369,633.40 |

c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| (1) | ☐ | Damages | $ |
|---|---|---|---|
| (2) | ☐ | Prejudgment interest at the annual rate of   % | $ |
| (3) | ☐ | Attorney fees | $ |
| (4) | ☐ | Costs | $ |
| (5) | ☐ | Other *(specify)*: | $ |
| (6) | | **TOTAL** | $ |

b. ☐ Plaintiff to receive nothing from defendant named in item 5b.

   ☐ Defendant named in item 5b to recover costs $

     ☐ and attorney fees $

d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.

   ☐ Cross-defendant named in item 5d to recover costs $

     ☐ and attorney fees $

7. ☐ Other *(specify)*:

Date: JUN - 2 2011

☑ _____
          JUDICIAL OFFICER

Date: ☐ Clerk, by _____, Deputy

(SEAL)

**CLERK'S CERTIFICATE** *(Optional)*

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____, Deputy

Page 2 of 2

JUD-100 [New January 1, 2002]  **JUDGMENT**

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| C Edward Schrader<br>341 Rutherford Avenue<br>Redwood City, CA 94061<br><br>TELEPHONE NO.:(650) 575-8937          FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS:400 McAllister Street
MAILING ADDRESS:400 McAllister Street
CITY AND ZIP CODE:San Francisco, CA 94102
BRANCH NAME:Civil Unlimited

PETITIONER/PLAINTIFF:C Edward Schrader

RESPONDENT/DEFENDANT:Narinder Sangha

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>CGC-09-493364 |
|---|---|

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1.  I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2.  My residence or business address is:
    986F Kiely Blvd, Santa Clara, CA 95051

3.  On *(date)*:June 2, 2011         I mailed from *(city and state)*: Redwood City, CA
    the following documents *(specify)*:
    Notice of Entry of Judgment

    ☐  The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4.  I served the documents by enclosing them in an envelope and *(check one)*:
    a. ☑  depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
    b. ☐  placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5.  The envelope was addressed and mailed as follows:
    a.  **Name of person served:**
    b.  **Address of person served:**

    ☑  The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:June 2, 2011

Paul Schlegel                                     ▶
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)          (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use        **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**       Code of Civil Procedure, §§ 1013, 1013a
Judicial Council of California                                                    www.courtinfo.ca.gov
POS-030 [New January 1, 2005]                    **(Proof of Service)**



POS-030(P)

| SHORT TITLE: Schrader v. Sangha | CASE NUMBER:<br>CGC-09-493364 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)

*(This Attachment is for use with form POS-030)*

**NAME AND ADDRESS OF EACH PERSON SERVED BY MAIL:**

| Name of Person Served | Address (number, street, city, and zip code) |
|---|---|
| Robert Finkle, Esq. | 1300 Clay Street, Ste. 600, Oakland, CA 94612 |
| Bruce C Funk, Esq. | 46 W Santa Clara Street, San Jose, CA 95113 |
| Chris Leuterio, Esq. | 3 Chanticleer Avenue, Mill Valley, CA 94941 |
| Chris Mandarano, Esq. | 1090 N Palm Canyon Dr. Ste E, Palm Springs, CA 92262 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Form Approved for Optional Use
Judicial Council of California
POS-030(P) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL
(PERSONS SERVED)
(Proof of Service)**

Page 1 of 1

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

C Edward Schrader
341 Rutherford Avenue
Redwood City, CA 94061

TELEPHONE NO. 650 575 8937        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): In Pro Per

**ENDORSED**
**F I L E D**
Superior Court of California
County of San Francisco

MAY 0 2 2011

CLERK OF THE COURT
BY: _____
ELLA YIP
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: C Edward Schrader

DEFENDANT/RESPONDENT: Narinder Sangha

| REQUEST FOR (Application) | ☐ Entry of Default | ☐ Clerk's Judgment | CASE NUMBER: |
|---|---|---|---|
| | ☑ Court Judgment | | CGC-09-493364 |

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on (date): 02/14/2011
   b. by (name): C Edward Schrader
   c. ☐ Enter default of defendant (names):

   d. ☑ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):
      Narinder Sangha
      (Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)
   e. ☐ Enter clerk's judgment
      (1) ☐ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169).
         ☐ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The Prejudgment Claim of Right to Possession was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). (Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)
      (3) ☐ for default previously entered on (date):

2. **Judgment to be entered.**

| | | Amount | | Credits acknowledged | | Balance |
|---|---|---|---|---|---|---|
| a. Demand of complaint | $ | | $ | | $ | |
| b. Statement of damages * | | | | | | |
| (1) Special */Punitive/ | $ | 368,535.40 | $ | 0.00 | $ | 368,535.40 |
| (2) General | $ | 1,000,000.00 | $ | 0.00 | $ | 1,000,000.00 |
| | $ | 0.00 | $ | 0.00 | $ | 0.00 |
| c. Interest | $ | 1,098.00 | $ | 0.00 | $ | 1,098.00 |
| d. Costs (see reverse) | $ | 0.00 | $ | 0.00 | $ | 0.00 |
| e. Attorney fees | $ | 0.00 | $ | 0.00 | $ | 0.00 |
| f. **TOTALS** | $ | 1,369,633.40 | $ | 0.00 | $ | 1,369,633.40 |

   g. **Daily damages** were demanded in complaint at the rate of: $        per day beginning (date):
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. ☐ (Check if filed in an unlawful detainer case) Legal document assistant or unlawful detainer assistant information is on the reverse (complete item 4).

Date: 4/28/11

C Edward Schrader                              ► _C Edward Schrader_
(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) ☐ Default entered as requested on (date): | |
|---|---|---|
| | (2) ☐ Default NOT entered as requested (state reason): | |
| | Clerk, by _____ | , Deputy |

Page 1 of 2

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)
Code of Civil Procedure,
§§ 585-587, 1169
www.courtinfo.ca.gov

**CIV-100**

| | |
|---|---|
| PLAINTIFF/PETITIONER: C Edward Schrader | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Narinder Sangha | CGC-09-493364 |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant [ ] **did** [✓] **did not** for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

   a. Assistant's name:
   b. Street address, city, and zip code:

   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date):*

5. [✓] **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action

   a. [ ] **is** [✓] **is not** on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. [ ] **is** [✓] **is not** on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. [ ] **is** [✓] **is not** on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

   a. [ ] **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*

   b. [✓] **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

   (1) Mailed on *(date):* 4/28/11

   (2) To *(specify names and addresses shown on the envelopes):*
   Christopher Mandarano
   1090 N. Palm Canyon Dr. Ste. E
   Palm Springs, CA 92262

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: 4/28/11

C Edward Schrader
_____
(TYPE OR PRINT NAME)

▶ *C Edward Schrad* *(signature)*
_____
(SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   | | | | |
   |---|---|---|---|
   | a. | Clerk's filing fees | $ | 0.00 |
   | b. | Process server's fees | $ | 401.00 |
   | c. | Other *(specify):* | $ | 402.00 |
   | d. | Exh. Copies (100) Prlegal (195) | $ | 295.00 |
   | e. | **TOTAL** | $ | 1,098.00 |

   f. [ ] Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/28/11

C Edward Schrader
_____
(TYPE OR PRINT NAME)

▶ *C Edward Schrad* *(signature)*
_____
(SIGNATURE OF DECLARANT)

8. [✓] **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/28/11

C Edward Schrader
_____
(TYPE OR PRINT NAME)

▶ *C Edward Schrad* *(signature)*
_____
(SIGNATURE OF DECLARANT)

CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Page 2 of 2

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*
C Edward Schrader
341 Rutherford Avenue
Redwood City, CA 94061

TELEPHONE NO.: 6505758937

ATTORNEY FOR *(name):* In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

FOR COURT USE ONLY

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

APR 1 8 2011

CLERK OF THE COURT
BY: _____ ELLA YIP
Deputy Clerk

PLAINTIFF: C Edward Schrader
DEFENDANT: Narinder Sangha

CASE NUMBER:
CGC-09-493364

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

To *(name of one defendant only):* Narinder Sangha
Plaintiff *(name of one plaintiff only):* C Edward Schrader
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. ☐ Pain, suffering, and inconvenience .......................................... $ _____
   b. ☐ Emotional distress. ...................................................... $ 1,000,000
   c. ☐ Loss of consortium ...................................................... $ _____
   d. ☐ Loss of sociey and companionship *(wrongful death actions only)* ......... $ _____
   e. ☐ Other *(specify)* ...................................................... $ _____
   f. ☐ Other *(specify)* ...................................................... $ _____
   g. ☐ Continued on Attachment 1.g.

2. **Special damages**
   a. ☐ Medical expenses *(to date)* ............................................ $ _____
   b. ☐ Future medical expenses *(present value)* ............................... $ _____
   c. ☐ Loss of earnings *(to date)* ........................................... $ 300,000 USD
   d. ☐ Loss of future earning capacity *(present value)* ...................... $ 1,500,000 USD
   e. ☐ Property damage ........................................................ $ _____
   f. ☐ Funeral expenses *(wrongful death actions only)* ....................... $ _____
   g. ☐ Future contributions *(present value) (wrongful death actions only)* ... $ _____
   h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
   i. ☐ Other *(specify)* ..................................................... $ _____
   j. ☐ Other *(specify)* ..................................................... $ _____
   k. ☐ Continued on Attachment 2.k.

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 1,000,000
   when pursuing a judgment in the suit filed against you.

Date: January 20, 2010  *2011*
C Edward Schrader

(TYPE OR PRINT NAME)

*C Edward Schrader*
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

CIV-050

| | |
|---|---|
| PLAINTIFF: C Edward Schrader | CASE NUMBER: |
| DEFENDANT: Narinder Sangha | CGC-09-493364 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☑ Statement of Damages  ☐ Other *(specify)*:
   b. on *(name)*: Christopher Leuterio, Esq., Attorney for Defendant
   c. by serving ☐ defendant  ☑ other *(name and title or relationship to person served)*: Attorney for Defendant

   d. ☐ by delivery  ☐ at home  ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☑ by mailing        21, 2011
      (1) date: January 20, 2010          *mailed to 3 Chanticleer Ave,*
      (2) place: Redwood City, CA          *Mill Valley CA 94941*

2. Manner of service *(check proper box)*:
   a. ☐  **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐  **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐  **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☑  **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☐  **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐  Other *(specify code section)*:
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $ 0.00
5. Person serving:
   a. ☐  California sheriff, marshal, or constable
   b. ☐  Registered California process server
   c. ☐  Employee or independent contractor of a registered California process server
   d. ☑  Not a registered California process server
   e. ☐  Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date: January 21, 2010   2011                    Date:

▶ _____                    ▶ _____
        *(SIGNATURE)*                                       *(SIGNATURE)*
Brandon Leslie

# EXHIBIT C

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

C Edward Schrader
341 Rutherford Avenue
Redwood City, CA 94061
(650) 575-8937
In Pro Per

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAY 0 4 2011

CLERK OF THE COURT
BY: _____ ELLA YIP _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| C EDWARD SCHRADER | Case No.: CGC-09-493364 |
| Plaintiff, | DECLARATION OF PLAINTIFF C EDWARD SCHRADER IN SUPPORT OF DEFAULT JUDGMENT |
| vs. | |
| NARINDER SANGHA | Date: May 24th, 2011 |
| | Time: 9:00 am |
| | Dept: 514 |
| Defendant. | Judge: Hon. Ellen Chaitin |

I, C Edward Schrader, declare as follows:

1. I am the Plaintiff in this action, appearing *in propria persona*. I have firsthand knowledge of all the facts set forth in this declaration and if called to testify could testify competently thereto.

## VERIFICATION OF COMPLAINT

2. With the Court's leave, I filed my now operative second amended complaint (SAC) against Defendant Narinder Sangha on February 14, 2011. It is attached as Exhibit A.

3. My second amended complaint (SAC) alleges facts that, deemed admitted, establish a prima facie case sufficient for a judgment awarding damages against Defendant Narinder Sangha for Defamation of Character (slander per se).

4. I swear under penalty of perjury of the laws of the State of California that all material facts stated in the second amended complaint filed February 14, 2011 against Defendant Narinder Sangha are true and correct.

## ADDITIONAL PROOF OF LIABILITY AND PROXIMATE CAUSE

5. On August 4, 2009, I received a conditional offer of employment as a Firefighter from the San Jose Fire Department. Attached as Exhibit B is a true and correct copy of that offer of employment. I am in possession of the original offer letter and am able to produce it for inspection if requested.

6. On August 21, 2009, as part of a background interview, Defendant Narinder Sangha orally published the following statements of and concerning me, Plaintiff C Edward Schrader to Michael Foreman, the background investigator:

A) That I, Plaintiff C Edward Schrader, had physically abused Defendant Narinder Sangha

B) That I, Plaintiff C Edward Schrader, had verbally abused Defendant Narinder Sangha

C) That I, Plaintiff C Edward Schrader, had emotionally abused Defendant Narinder Sangha

D) That Defendant Narinder Sangha ended his romantic relationship with me, Plaintiff C Edward Schrader, immediately and directly as a result of an act of domestic violence on my part

E) That I, Plaintiff C Edward Schrader, began harassing Mr. Sangha by entering the rear of Mr. Sangha's property and walking through a passageway which goes by the door to Mr. Sangha's basement

F) That I, Plaintiff C Edward Schrader, harassed Mr. Sangha by calling him at all hours

G) That I, Plaintiff C Edward Schrader, harassed Mr. Sangha by sending him text messages at all hours

H) That I, Plaintiff C Edward Schrader, harassed Mr. Sangha by showing up at his twelve step meetings

I) That I, Plaintiff C Edward Schrader, had physically abused other romantic partners

J) That I, Plaintiff C Edward Schrader, threatened Defendant Narinder Sangha with physical abuse if Defendant Narinder Sangha did not comply with my wishes

K) That I, Plaintiff C Edward Schrader, seemed not to have any friends

L) That I, Plaintiff C Edward Schrader would get furious when Defendant Narinder Sangha did not get things done on the lists I would give him

M) That my, Plaintiff C Edward Schrader's, relationship with a former romantic partner was based on drinking and fighting

N) That I, Plaintiff C Edward Schrader, had a 'good way of suiting up and presenting himself', and 'had a talent for presenting himself as a different person than the person Mr. Sangha knew'.


7. Michael Foreman, in turn and shortly thereafter, transcribed and published these statements in a written report to David Reuben. Attached as Exhibit C is a true and correct copy of the written report containing the aforesaid statements Michael Foreman sent to David Reuben. I received the written report directly from David Reuben, the original copy is in my possession and I am able to produce it for inspection if requested.


8. Attached as Exhibit D is an affidavit signed by Michael Foreman verifying that:

A) He interviewed Defendant Narinder Sangha at his residence on August 21, 2009 (Foreman Declaration, Exhibit D, 1st ¶3 of 2).

B) Only Defendant Narinder Sangha and Michael Foreman were present at the interview. (Foreman Declaration, Exhibit D, 1st ¶3 of 2)

C) Michael Foreman accurately and completely summarized the content of the interview with Defendant Narinder Sangha in a written report (Foreman Declaration, Exhibit D, 2nd ¶3 of 2 and ¶4)

D) Michael Foreman sent the aforesaid written report attached as Exhibit B to David Reuben (Foreman Declaration, Exhibit D, ¶5)

9. Michael Foreman reasonably understood that the aforesaid statements referred to me, Plaintiff C Edward Schrader. The written report published by Mr. Foreman attached as Exhibit B shows he understood Defendant Narinder Sangha's statements to refer to Plaintiff.

10. The statements made by Narinder Sangha are false.

A) I did not physically abuse Defendant Narinder Sangha.

B) I did not verbally abuse Defendant Narinder Sangha.

C) I did not emotionally abuse Defendant Narinder Sangha.

D) Defendant Narinder Sangha did not end his romantic relationship with me immediately and directly as a result of an act of domestic violence on my part. *I*, in fact, ended the relationship with *Mr. Sangha* because of his infidelity, lying, and uncontrolled sexual addiction.

E) I did not harass Defendant Mr. Sangha by entering the rear of Mr. Sangha's property and walking through a passageway which goes by the door to Mr. Sangha's basement.

F) I did not harass Mr. Sangha by calling him at all hours. Attached as Exhibit E is an order of evidence sanctions that indicates that the following fact shall be taken as established in this action: that Plaintiff did not call defendant after April 7, 2009 (Exhibit E, ¶9).

G) I did not harass Mr. Sangha by sending him text messages at all hours. Attached as Exhibit E is order of evidence sanctions that indicates that the following

fact shall be taken as established in this action: that Defendant did not receive any text messages from Plaintiff past April 10, 2009 (Exhibit E, ¶11) – the day Defendant returned my truck valued at $3,000.

H)  I did not harass Mr. Sangha by showing up at his twelve step meetings.

I)  I have not physically abused other romantic partners.

J)  I did not threaten Defendant Narinder Sangha with physical abuse if he did not comply with my wishes.

K)  I maintain relationship with many long term, dear friends – some going back as far as ninth grade.

L)  I would not get furious when Defendant Narinder Sangha did not get things done on his 'to do' lists.

M)  My relationships with former romantic partners were not based on drinking and fighting.

N)  I am, in fact, a person of integrity, and present my true self to others.


11.  Mr. Foreman reasonably understood the statements to mean that I had committed the crimes of battery, assault, and stalking as well as lacked both interest in other people and sobriety – necessary attributes to successfully serve in the postion of firefighter.

12.  The aforesaid statements made by Defendant Narinder Sangha are not privileged.

13.  Defendant Narinder Sangha made the aforesaid statements above knowing the falsity thereof or failed to use reasonable care to determine the truth or falsity of them.

14.  Defendant Narinder Sangha made the aforesaid defamatory statements with malice and with the intent to injure my good name and reputation and to interfere with my employment, in that defendant harbored ill-will toward me.

15.  The aforesaid defamatory statements have harmed my reputation, such statements have a tendency to injury and have injured me in my desired occupation, my future employment prospects have been severly harmed, and I have had to incur substantial expense.

16.  Subsequently and as a direct result of Defendant Narinder Sangha's false and defamatory statements about, of, and concerning me, my conditional offer of employment with the San Jose Fire Department was withdrawn. Attached as Exhibit F is



a declaration from Robert Greeley confirming that the aforementioned statements made by Defendant Narinder Sangha damaged my reputation and resulted in the withdrawl of my offer of employment (Greeley Declaration, Exhibit F, ¶2).

## PROOF OF GENERAL DAMAGES

17. I have suffered tremendous embarrassment, emotional distress, humiliation, and duress as a direct result of Mr. Sangha's false and vindictive statements. Since the point in time that I was damaged by his statements, I have suffered from insomnia, gastrointestinal issues, depression, social withdrawl, and significant weight fluctuations.

18. Attached as Exhibit F is a declaration from Robert Greeley, the attorney I hired to represent me at the appeal of the withdrawl of my offer, confirming that I have suffered tremendous shame, humiliation, and embarrassment as a direct result of Narinder Sangha's statements (Greeley declaration, Exhibit F, ¶2).

19. Attached as Exhibit G is a declaration from Brandon Leslie, a friend, confirming that I have suffered humiliation, shame, mental anguish, and severe emotional distress as a direct result of Narinder Sangha's statements (Leslie declaration, Exhibit G).

20. My prayer for $1,000,000.00 in general damages is 2.7 times larger than my prayer for special damages.

## PROOF OF SPECIAL DAMAGES

21. I have an MBA in Finance from Indiana University, consistently ranked in the top 20 accredited graduate business schools in the United States.

22. I have worked over fifteen years in high-tech Corporate Finance environments modeling complex business and financial scenarios. I have the financial modeling skills accurately calculate the special damages I have incurred as a result of Defendant Narinder Sangha's false statements. Attached as Exhibit H is a copy of my *curriculum vitae*.

23. Attached as Exhibit I is a Lost Earnings Analysis I have completed to calculate the special damages I have incurred in this action. I consulted *Determining Economic*



*Damages*, written by Gerald D. Martin, Ph.D, an expert in computing damages, in developing both the framework and many specific assumptions in the analysis.

24. From the period from when my employment with SJFD would have commenced through May 24, 2011, I have experienced $180,435.65 in lost employment wages with the San Jose Fire Department as a result of Defendant Narinder Sangha's false statements.

25. After May 24, 2011, I estimate that I will experience an additional $178,801.75 in lost future wages as a result of Defendant Narinder Sangha's false statements.

26. I incurred $3,298.00 in unsuccessfully appealing the decision to withdraw my employment offer. The appeal was made to the City of San Jose Civil Service Commission.

## PROOF OF PUNITIVE DAMAGES

27. Defendant Narinder Sangha has misused discovery and ignored a court order subpoenaing his financial records sought in order to provide the court a basis of his financial condition for determining an award of punitive damages. Attached as Exhibit J is a true and correct copy of the court order compelling compliance with a subpoena for his financial records. This is a misuse of discovery that allows an award of punitive damages to stand in the absence of evidence of defendant's financial condition.

28. Defendant Narinder Sangha did not appear at a deposition scheduled for May 4, 2011 to determine his financial condition. Attached as Exhibit K is a Certificate of Non-Appearance at Deposition. This is also a misuse of discovery that allows an award of punitive damages to stand in the absence of evidence of defendant's financial condition.

29. Based on our nine month dating relationship, I have personal knowledge of Defendant's approximate financial condition, and estimate his net worth to be approximately $60,000.00.

30. My prayer for $6,000.00 in punitive damages is 1/10[th] of my estimation of his net worth.

## DECLARATION OF COSTS AND INTEREST

31    29. I have spent $1,098.00 pursuing relief in this action. This includes process server fees, copy fees of Exhibits, paralegal fees, and subscriptions to legal databases.

32    30. At 10% per annum interest, daily interest on the amount requested in the judgment is $1,369,633.40 x 10% / 365 days, or $375.24 per day. I request an award of daily interest on damages awarded.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 5th day of May, 2011 at Redwood City, California.

*C Edward Schrader*

C Edward Schrader
Plaintiff

# EXHIBIT A

*( 1 of 21 )*



ENDORSED
F I L E D
Superior Court of California
County of San Francisco

FEB 1 4 2011

CLERK OF THE COURT
BY: ROSSALY DE LA VEGA-NAVARRO
Deputy Clerk

1  C Edward Schrader
   341 Rutherford Avenue
2  Redwood City, CA 94061
   (650) 575-8937
3  In Pro Per

4

5

6

7

8  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  COUNTY OF SAN FRANCISCO

10

11  C EDWARD SCHRADER,                     Case No.: CGC-09-493364

12          Plaintiff,

13  vs.                                    SECOND AMENDED COMPLAINT FOR
                                           DAMAGES FOR SLANDER AND
14  NARINDER SANGHA,                       SLANDER PER SE

15          Defendant.

16

17  As and for his Complaint herein Plaintiff, C EDWARD SCHRADER, alleges as follows:

18                          **PARTIES AND JURISDICTION**

19
        1.      Plaintiff, C EDWARD SCHRADER (hereinafter referred to as "Plaintiff", or "Mr.
20
    Schrader") is a male of the age of majority, a citizen of the U.S. and is a resident of the city of
21
    Redwood City, County of San Mateo, State of California.
22
        2.      Defendant NARINDER SANGHA (hereinafter referred to as "Defendant", or "Mr.
23
24  Sangha") is of the age of majority and, at all times material herein, a resident of the city and county
25
    of San Francisco, State of California.
26
        3.      The jurisdiction of this Court arises under the laws of the State of California.
27

28



# EXHIBIT A
*( 2 of 21 )*



4.     The damages suffered by Plaintiff are in excess of this Court's minimum amount for unlimited jurisdiction.

5.     Venue is proper in the County of San Francisco because Defendant lives in San Francisco and San Francisco is where the allegations contained in this complaint occurred.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

6.     Plaintiff realleges and incorporates by reference paragraphs 1 through 5, above, as though fully set forth herein.

7.     Plaintiff, at all times material hereto, was working in Corporate Finance as a Controller for Cisco Systems, Inc. in San Jose, California. Plaintiff has always enjoyed a favorable reputation and good name, in both his personal and professional life at all times prior to the actions of Defendant as alleged herein.

8.     Defendant, from the period of July, 2008 to July, 2009 worked as a professor in the School of Fashion at the Academy of Arts University in San Francisco, California.

9.     Plaintiff and defendant were in a dating relationship from early July, 2008 through March 16, 2009.

10.     During the period of their dating relationship, Defendant revealed to Plaintiff that he suffered from sexual addiction, and participated in Sex Addicts Anonymous, a twelve step program for sexual addiction modeled after Alcoholics Anonymous in an effort to abstain from sexually compulsive behavior.

11.     Throughout their dating relationship, Defendant maintained to Plaintiff that Defendant was 'sober' and abstinent from sexually compulsive behavior.

12.     Throughout their dating relationship, Plaintiff and Defendant shared a mutual interest in changing professions to become firefighters.

# EXHIBIT A
## (3 of 21)

13.  Throughout their dating relationship, Plaintiff participated as a candidate in the City of San Jose's interview, testing, and selection process with the goal of securing an offer of employment as a firefighter recruit.

14.  Throughout their dating relationship, Plaintiff kept Defendant informed of Plaintiff's status in the City of San Jose's selection process.

15.  Throughout their dating relationship, in support of Defendant's professional aspirations, Plaintiff helped Defendant select and enroll in an Emergency Medical Technician (EMT) Program with the goal of achieving accreditation as an EMT.

16.  EMT Accreditation is a necessary qualification for many firefighter recruit positions, including positions with the San Francisco Fire Department.

17.  Throughout their dating relationship, Plaintiff was accredited as an EMT.

18.  Throughout their dating relationship, Plaintiff tutored Defendant in his EMT coursework.

19.  In February 2009, unbeknownst to Plaintiff, Defendant began a second romantic relationship with another man, a Mr. James Setterlund.  Plaintiff later became aware of the relationship, but Defendant characterized his relationship with Mr. Setterlund as that of purely platonic.

20.  Defendant concealed his communications with Mr. Setterlund from Plaintiff, arousing suspicion on the part of Plaintiff that defendant and Mr. Setterlund were more than 'just friends'.

21.  During the time he was involved romantically with Mr. Setterlund, Defendant expressed both affection for and continued romantic interest in Plaintiff.

# EXHIBIT A
## (4 of 21)

22.    On March 16, 2009, Plaintiff discovered that Defendant had made plans to meet with yet another man – a man above majority age identifying himself as 'Jon Zucker' - for the purposes of a consensual sexual encounter.

23.    Plaintiff witnessed Defendant meeting with the man identifying himself as 'Jon Zucker' on the corner of Haight and Baker streets in San Francisco, California on March 16, 2009, shortly after 5:00pm PST.

24.    As a result of defendant's repeated deception and sexual addition, on March 16, 2009, Plaintiff ended the relationship with Defendant and warned Mr. Setterlund of defendant's sexual addiction and tendency toward deception.

25.    Mr. Setterlund soon thereafter ended his relationship with Defendant.

26.    On March 17, 2009, Plaintiff received angry and threatening text messages from Defendant, angry because plaintiff disclosed defendant's addiction to Mr. Setterlund.

27.    Early in their dating relationship, Plaintiff lent Defendant a white Ford Ranger pickup truck and gave him driving lessons in support of both supporting defendant's professional goals and enabling their long distance dating relationship.

28.    As of March 27, 2009, ten days after their dating relationship had ended, Defendant had still not returned plaintiff's truck, prompting Plaintiff to begin requesting that he do so.

29.    On April 10, 2009, after repeated prompting from Plaintiff, Defendant finally physically returned Plaintiff's truck and truck title.

30.    Plaintiff believes Defendant intended to keep plaintiff's truck, and possessed ill will toward plaintiff due to plaintiff's insistence that it be returned.

31.    After the dating relationship ended with Plaintiff, Defendant subsequently failed to obtain EMT accreditation.



# EXHIBIT A

*( 5 of 21 )*

32.    After the dating relationship ended, Plaintiff kept Defendant appraised as to his success in obtaining a conditional offer of employment with the San Jose Fire department.

33.    Plaintiff believes defendant possessed ill will toward plaintiff as a result of plaintiff's success in securing a conditional offer of employment as a firefighter recruit.

34.    On August, 21, 2009, as part of a background investigation to determine Plaintiff C. Edward Schrader's suitability for employment with the San Jose Fire Department, Defendant Narinder Sangha was interviewed by Michael Foreman, a private investigator.

35.    Mr. Foreman conducted the interview at the request of Mr. David Reuben of DR Associates, a private investigation firm acting as an agent of the San Jose Fire Department.

36.    Plaintiff is informed and believes that during the interview with Mr. Foreman, Defendant Narinder Sangha orally published a series of false and defamatory statements about, of, and concerning Plaintiff C Edward Schrader.

37.    Mr. Foreman then published the statements Defendant Narinder Sangha made about, of, and concerning Plaintiff C Edward Schrader in a written report sent to Mr. David Reuben at DR Associates.

38.    Mr. Reuben shared the defamatory statements made by defendant Narinder Sangha in a meeting with San Jose Fire Department personnel on or around September 4, 2009.

39.    Subsequently and as a direct result of Defendant Narinder Sangha's false and defamatory statements about, of, and concerning Plaintiff C. Edward Schrader, Plaintiff C Edward Schrader's conditional offer of employment with the San Jose Fire Department was withdrawn.

## FIRST CAUSE OF ACTION

### (Slander Per Se – Civil Code §46)

# EXHIBIT A
*( 6 of 21 )*

40.    Plaintiff realleges and incorporates by reference paragraphs 1 through 39, above, as though fully set forth herein.

41.    Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff: that Plaintiff C Edward Schrader had physically abused him.

42.    Mr. Foreman reasonably understood that the statement referred to Plaintiff and reasonably understood them to mean that Plaintiff was being accused of having committed a crime, to wit: battery.

43.    Battery is considered a crime in California under California Penal Code §242-243.

44.    The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

45.    Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

46.    The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Slander Per Se – Civil Code §46)

- 6 -

SECOND AMENDED COMPLAINT

 # EXHIBIT A 

*( 7 of 21 )*

47.     Plaintiff realleges and incorporates by reference paragraphs 1 through 46, above, as though fully set forth herein.

48.     Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff: that Plaintiff C Edward Schrader had verbally abused him.

49.     Mr. Foreman reasonably understood that the statement referred to Plaintiff.

50.     The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof.

51.     Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

52.     The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Slander Per Se – Civil Code §46)

53.     Plaintiff realleges and incorporates by reference paragraphs 1 through 52, above, as though fully set forth herein.

 **EXHIBIT A** 

*( 8 of 21)*

54.     Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff: that Plaintiff C Edward Schrader had emotionally abused him.

55.     Mr. Foreman reasonably understood that the statement referred to Plaintiff.

56.     The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

57.     Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

58.     The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION

### (Slander Per Se – Civil Code §46)

59.     Plaintiff realleges and incorporates by reference paragraphs 1 through 58, above, as though fully set forth herein.

60.     Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and



# EXHIBIT A
*(9 of 21)*

concerning Plaintiff: that Defendant Narinder Sangha ended his romantic relationship with Mr.

Schrader immediately and directly as a result of an act of domestic violence on Mr. Schrader's part.

61.     Mr. Foreman reasonably understood that the statement referred to Plaintiff and

reasonably understood them to mean that Plaintiff was being accused of having committed a crime, to

wit: battery.

62.   Battery is considered a crime in California under California Penal Code §242-243.

63.     The aforesaid defamatory statement made allegedly by Defendant was and is false

and was not privileged. Defendant made said statement knowing the falsity thereof or without using

reasonable care to determine the truth or falsity thereof.

64.     Defendant made the aforesaid defamatory statement with malice and with the intent to

injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant

harbored ill-will toward Plaintiff.

65.     The aforesaid defamatory statement has harmed plaintiff's reputation; such a

statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment

prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to

redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be

proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Slander per Se – Civil Code §46)

66.     Plaintiff realleges and incorporates by reference paragraphs 1 through 65, above, as

though fully set forth herein.

**EXHIBIT A**

*(10 of 21)*

67.     Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff: that Plaintiff C Edward Schrader began harassing Mr. Sangha by entering the rear of Mr. Sangha's property and walking through a passageway which goes by the door to Mr. Sangha's basement apartment.

68.     Mr. Foreman reasonably understood that the statement referred to Plaintiff and reasonably understood them to mean that Plaintiff was being accused of having committed a crime, to wit: stalking.

69.     Stalking is considered a crime in California under California Penal Code §646.9.

70.     The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

71.     Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

72.     The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

**SIXTH CAUSE OF ACTION**

**(Slander Per Se – Civil Code §46)**

# EXHIBIT A
*( 11 of 21 )*



73.     Plaintiff realleges and incorporates by reference paragraphs 1 through 72, above, as though fully set forth herein.

74.     Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff:  that Plaintiff C Edward Schrader harassed Mr. Sangha by calling him at all hours.

75.     Mr. Foreman reasonably understood that the statement referred to Plaintiff.

76.     The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

77.     Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

78.     The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Slander Per Se – Civil Code §46)

79.     Plaintiff realleges and incorporates by reference paragraphs 1 through 78, above, as though fully set forth herein.

 

# EXHIBIT A
## (12 of 21)

80.     Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff: that Plaintiff C Edward Schrader harassed Mr. Sangha by sending him text messages at all hours.

81.     Mr. Foreman reasonably understood that the statement referred to Plaintiff.

82.     The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

83.     Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

84.     The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### (Slander per Se – Civil Code §46)

85.     Plaintiff realleges and incorporates by reference paragraphs 1 through 84, above, as though fully set forth herein.

86.     Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and

# EXHIBIT A

*( 13 of 21 )*

concerning Plaintiff: that Plaintiff C Edward Schrader harassed Mr. Sangha by showing up at his

twelve step meetings.

87.    Mr. Foreman reasonably understood that the statement referred to Plaintiff and

reasonably understood them to mean that Plaintiff was being accused of having committed a crime, to

wit: stalking.

88.    Stalking is considered a crime in California under California Penal Code §646.9.

89.    The aforesaid defamatory statement made allegedly by Defendant was and is false

and was not privileged. Defendant made said statement knowing the falsity thereof or without using

reasonable care to determine the truth or falsity thereof.

90.    Defendant made the aforesaid defamatory statement with malice and with the intent to

injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant

harbored ill-will toward Plaintiff.

91.    The aforesaid defamatory statement has harmed plaintiff's reputation; such a

statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment

prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to

redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be

proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## NINTH CAUSE OF ACTION

### (Slander per Se – Civil Code §46)

92.    Plaintiff realleges and incorporates by reference paragraphs 1 through 91, above, as

though fully set forth herein.



# EXHIBIT A
## (14 of 21)

93.    Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff:  that Plaintiff C Edward Schrader had physically abused other romantic partners.

94.    Mr. Foreman reasonably understood that the statement referred to Plaintiff and reasonably understood them to mean that Plaintiff was being accused of having committed a crime, to wit: battery.

95.    Battery is considered a crime in California under California Penal Code §242-243.

96.    The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

97.    Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

98.    The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## TENTH CAUSE OF ACTION

## (Slander per Se– Civil Code §46)

99.    Plaintiff realleges and incorporates by reference paragraphs 1 through 98, above, as though fully set forth herein.



# EXHIBIT A
*(15 of 21)*

100. Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff: that Plaintiff C Edward Schrader threatened Defendant Narinder Sangha with physical abuse if Defendant Narinder Sangha did not comply with Plaintiff's C Edward Schrader's wishes.

101. Mr. Foreman reasonably understood that the statement referred to Plaintiff and reasonably understood them to mean that Plaintiff was being accused of having committed a crime, to wit: assault.

102. Assault is considered a crime in California under California Penal Code §240.

103. The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

104. Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

105. The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

### (Slander Per Se – Civil Code §46)



# EXHIBIT A
## (16 of 21)

106.   Plaintiff realleges and incorporates by reference paragraphs 1 through 105, above, as though fully set forth herein.

107.   Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff:  that Plaintiff C Edward Schrader seemed not to have any friends.

108.   Mr. Foreman reasonably understood that the statement referred to Plaintiff and that reasonably understood them to mean that Plaintiff had no interest in other people.

109.   The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

110.   Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

111.   The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## TWELVTH CAUSE OF ACTION

## (Slander Per Se – Civil Code §46)

112.   Plaintiff realleges and incorporates by reference paragraphs 1 through 111, above, as though fully set forth herein.

# EXHIBIT A
*(17 of 21)*

113.    Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff:  that Plaintiff C Edward Schrader would get furious when Defendant Narinder Sangha did not get things done on the lists Plaintiff C Edward Schrader would give him.

114.    Mr. Foreman reasonably understood that the statement referred to Plaintiff.

115.    The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

116.    Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

117.    The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## THIRTEENTH CAUSE OF ACTION

### (Slander per Se – Civil Code §46)

118.    Plaintiff realleges and incorporates by reference paragraphs 1 through 117, above, as though fully set forth herein.

119.    Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and

# EXHIBIT A



*(18 of 21)*

concerning Plaintiff: that Plaintiff C Edward Schrader's relationship with a former romantic partner was based on drinking and fighting.

120.   Mr. Foreman reasonably understood that the statement referred to Plaintiff, and understood Defendant's statement to mean that Plaintiff lacked sobriety and battered a former romantic partner.

121.   Battery is considered a crime in California under California Penal Code §242-243.

122.   The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

123.   Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

124.   The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## FOURTEENTH CAUSE OF ACTION

### (Slander per Se – Civil Code §46)

125.   Plaintiff realleges and incorporates by reference paragraphs 1 through 124, above, as though fully set forth herein.



# EXHIBIT A
### (19 of 21)

126.    Plaintiff is informed and believes that during the August 21, 2009 interview with Mr. Foreman, Defendant Narinder Sangha made the following defamatory statement about, of, and concerning Plaintiff: that Plaintiff C Edward Schrader had a "good way of suiting up and presenting himself", and "had a talent for presenting himself as a different person than the person Mr. Sangha knew".

127.    Mr. Foreman reasonably understood that the statement referred to Plaintiff, and understood Defendant's statement to mean that Plaintiff lacked integrity.

128.    The aforesaid defamatory statement made allegedly by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

129.    Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with his employment, in that defendant harbored ill-will toward Plaintiff.

130.    The aforesaid defamatory statement has harmed plaintiff's reputation; such a statement has a tendency to injure and has injured Plaintiff in his occupation, his future employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm he has suffered, all to Plaintiff's general and actual damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1) For economic damages, to be proven at trial;

2) For general and compensatory damages, to be proven at trial;



# EXHIBIT A
*( 20 of 21 )*

3) For exemplary damages to be proven at trial;

4) For cost of suit and attorney fees;

5) For interest on all sums awarded at the maximum allowable rate;

6) For such other and further relief as the Court may deem just and proper.

Dated: 2/14/11

*C Edward Schrad*

C Edward Schrader, Plaintiff
*In Propria Persona*

# EXHIBIT A
*(21 of 21)*

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| C Edward Schrader<br>341 Rutherford Avenue<br>Redwood City, CA 94061<br><br>TELEPHONE NO.: 6505758937    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PETITIONER/PLAINTIFF: C Edward Schrader

RESPONDENT/DEFENDANT: Narinder Sangha

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>CGC-09-493364 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
506 Upland Road, Redwood City, CA 94062

3. On *(date):* February 14, 2011    I mailed from *(city and state):* San Francisco, CA
the following **documents** *(specify):*
Second Amended Complaint for Damages for Slander and Slander per se

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
(form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
a. **Name** of person served: Chris Leuterio
b. **Address** of person served:
3 Chanticleer Avenue, Mill Valley, CA 94941

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 14, 2011

Brandon Leslie
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM) ▶ (SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |
|---|---|---|





# EXHIBIT B

*( 1 of 2)*



*San José Fire Department*

DARRYL VON RAESFELD, FIRE CHIEF

August 10, 2009

C Edward Schrader II
341 Rutherford Avenue
Redwood City, CA 94041

Dear C Edward Schrader II:

Congratulations! The San José Fire Department is pleased to provide you with a Conditional Offer of Employment as a Firefighter–Recruit with a starting monthly base salary of $4,948.67. In addition to this base salary, you would be entitled to other compensation and benefits as identified in the Memorandum of Agreement (City of San José and International Association of Firefighters Local 230) for your position classification.

Pending the satisfactory completion of the remaining steps in this hiring process, you would begin employment with the San José Fire Department on Monday, October 5, 2009. **This is not a formal job offer or an offer of immediate employment.**

This Conditional Offer of Employment is conditional upon you meeting the established standards for the Firefighter-Recruit classification for which you have applied as well as your successful completion of the following next steps in the selection process:

- *Psychological Screening:* This process will include a written examination and an oral interview and will be conducted and interpreted by a licensed psychologist retained by the San José Fire Department to determine job suitability. Please dress comfortably and allow approximately four to six (4 to 6) hours for this written test. The written psychological test will be held on Saturday, August 15, 2009, at the BFO-Campus, 255 So. Montgomery Street, San Jose, CA 95110. Please arrive at 8:00 am. The oral interview will be conducted at the psychologists office located in Los Gatos. The address is 15251 National Avenue, Los Gatos, CA.



 **EXHIBIT B** 
*( 2 of 2)*

Conditional Offer of Employment
August 10, 2009

- ***Medical Examination:*** This process will include a comprehensive medical examination administered by a licensed physician retained by the City of San José. The examination will be administered in accordance with the guidelines established by the City of San José for Fire Department employees. The examination will include a detailed medical history, lab tests, including drug screening, hearing and vision tests, a physical examination and other elements determined by the City physician and Employee Health Services.

We look forward to assisting you with the completion of this final phase of the selection process. If you have any questions, please do not hesitate to contact Personnel Analyst cheryl.uyehara at (408) 277-4076 or cheryl.uyehara@sanjoseca.gov.

Sincerely,

Darryl Von Raesfeld
Fire Chief

\* \* \* \* \* \*

CERTIFICATION: By signing below, I acknowledge that I have received, read, understand and agree to all of the requirements and terms of the San José Fire Department Firefighter-Recruit ~~Paramedic~~ Conditional Offer of Employment.

Print Name: _____C Edward Schrader_____

Signature: _____C E Schrad_____

Date: _____8/15/09_____

**dR**

DR Associates International
PO Box 2399
Davis CA 95617
t  530.758.8902
f  530.758.8916
www.drainvestigations.com

**EXHIBIT C**

*( 1 of 7)*

December 29, 2009

To Whom It May Concern:

Enclosed please find a copy of the only document relating to Mr. Narinder
Sangha.  This is an internal document that was not distributed outside of this
office.

Respectfully submitted,

David P. Reuben



# EXHIBIT C
*( 2 of 7 )*

## Interview with Narinder Sangha

Mr. Narinder Sangha was interviewed at his residence at 1059 Haight Street in San Francisco, CA on Friday, August 21, 2009.

### Impressions of Mr. Sangha

Mr. Sangha was courteous and cooperative although he was reticent about revealing the full names of other witnesses to alleged events he described as detailed below. He displayed no indications in his behavior or demeanor that he was not telling the truth and he appeared to be sober and serious and to take the situation seriously.

### Description of Mr. Sangha

Mr. Sangha could be described as an approximately 35 to 40 year old male, of East Indian ancestry, approximately 5'8" to 5'9"inches tall and weighing approximately 210 to 220 pounds. He had a very stocky build, was very muscular, and had very short black hair. He had a large intricate patterned tattoo, which extended from his left elbow across his chest and up to his neck. He speaks with an accent that is not strong but is distinctive and is difficult to place precisely. It is vaguely English, but does not sound precisely English, Canadian, Australian, or East Indian. It sounded somewhat like the vestiges of an accent of someone from the former English possessions in the Caribbean islands.

### Description of the Location

Mr. Sangha residence is an in-law apartment on the ground floor of a Victorian row house. The windows to his apartment face toward Haight Street, looking out onto the stairs leading up to the main house, that appears to have two flats at the top of those stairs. The front door to his apartment is along a common passageway that runs from the Haight Street side, past the front door to Mr. Sangha's apartment, into the back yard of the house, and through the back yard along a walkway to another entrance gate accessible from East Buena Vista, the street behind the structure. That common passageway is accessed from the Haight Street side by a door located to the right of the stairs leading to the doors of the main house. There is no door restricting access to that common passageway from the back yard. His doorbell is located near the door on the Haight Street side to that common passageway. From the East Buena Vista side, the structure appears to have additional residential units, other than the flats accessed from the Haight Street side, in the back of the structure that are accessed by stairs in the back yard.

Mr. Sangha alleges that during the harassment, Mr. Schrader entered the property from the East Buena Vista side and came to the door of his apartment unknown to Mr. Sangha. He also alleges that Mr. Schrader looked in the front windows of his apartment from the Haight Street side. Both those activities would be possible given the physical



# EXHIBIT C
*(3 of 7)*

configuration of the property. If one walks part of the way up the stairway, one can see into Mr. Sangha's apartment if the blinds are open. In addition, Mr. Sangha could look out his window and see someone ringing his doorbell, without being easily seen himself.

Interview

Mr. Sangha said that during their relationship of approximately nine months, Mr. Schrader was abusive physically, emotionally, and verbally. He said that "what it came down to in the end" was that Mr. Schrader had "gotten physical" with him, struck him in the back of the head, and at that time Mr. Sangha decided to end the relationship. He later filed for a TRO. He said that when Mr. Schrader was told that the relationship was over he began harassing Mr. Sangha, coming to his front door late at night, and, by entering the property from the Buena Vista Terrace side and going through the back yard, walking through a passageway which goes by the door to Mr. Sangha's basement apartment.

Mr. Sangha said that when Mr. Schrader was harassing him, which included calling him and sending him text messages at all hours, he threatened Mr. Schrader with filing for a TRO if Mr. Schrader did not stop that activity. However, he did not follow through with that threat until later when he actually filed for the TRO. He said it was a tumultuous relationship with a lot of manipulation by Mr. Schrader. Mr. Sangha said that he had been in a twelve-step program, and at one point Mr. Schrader started to show up at his meetings, at which point Mr. Sangha said he became particularly concerned. He said there was a witness to Mr. Schrader's appearance at one meeting. He would not provide the witnesses name when asked but agreed to ask the witness if he would speak to us.

Mr. Sangha said he made his initial call to police on March 31, 2009, at approximately 9:30 p.m., after Mr. Schrader had come to his apartment and was hanging around outside. He was able to remember that date, he said, because a friend had been visiting and was afraid to leave his apartment due to concern about Mr. Sangha's welfare. The friend urged him to call the police, which he did. Mr. Sangha, when asked, said that the witness to that occurrence was a college professor whose first name is Jimmy and who is currently in Texas. He would not agree to provide Jimmy's last name but did agree to provide our name and number to Jimmy and to ask him to call us.

The police came to his residence and asked him what was going on. He described to them the activity that included Mr. Schrader coming by the house that evening, and the past activity. He said the police told him to go to Superior Court and file for a restraining order. He said that no other action was taken and he does not believe an incident report was filed in that case. He did not receive any memo sheet memorializing the incident number, name of the officer who responded, or instructions for obtaining an incident report; which is ordinarily provided to people by police when an incident is reported. He did have, and showed us, a memo sheet for the later time when he



**EXHIBIT C**
*( 4 of 7 )*



reported an incident to police and he had that memo sheet in a drawer in the kitchen near the location of the interview.

Mr. Sangha said that approximately a week before the March 31, 2009 incident when he called police was when Mr. Schrader struck him on the back of the head. He said he was doing a test online at the time and Mr. Schrader was overseeing the test. He was not doing as well on the test as Mr. Schrader though he should have been doing and Mr. Schrader struck him with an open hand on the back of the head. He was asked if it was possible that the action could have been interpreted as a gesture done in a jovial or affectionate manner. He said "definitely not," that Mr. Schrader struck him quite hard and there was no way it could be interpreted as anything but a physical strike.

He said that their relationship was characterized by verbal and emotional abuse from Mr. Schrader toward him. No more than three months into the relationship such behavior began and that Mr. Schrader would "upbraid" him and ask him if he had done what Mr. Schrader had told him to along the lines of performing tasks on a list and whether he had complied with Mr. Schrader's wishes and what he had been told to do.

He said that Mr. Schrader had described to him a previous relationship that Mr. Schrader had with a person named Robert Burns. Mr. Schrader had "gotten physical" with Mr. Burns and had "kicked his ass" and had stalked Mr. Burns after that relationship ended. He said he felt that Mr. Schrader had told him this in the context of a warning that if Mr. Sangha did not comply with his wishes he would "get physical" with Mr. Sangha as well. He said he had tried but been unable to locate Mr. Burns, who he believed lived in Redwood City and had gone to school at Wildcat School there. Later in the interview, on a different subject, he said that Mr. Schrader had told him that his relationship with Mr. Burns was characterized by Mr. Schrader and Mr. Burns "getting drunk and fighting." Mr. Sangha said he was given the impression that their relationship was physically tumultuous.

He says he does not know the specific nature of the relationship between Mr. Schrader and his ex-wife but he got the impression that they argued frequently and had many differences of opinion regarding various subjects, including the raising of their child. He said he thought that in that situation, Mr. Schrader's wife "had him by the balls."

Mr. Sangha said that Mr. Schrader was always alone and seemed to not have any friends, which Mr. Sangha said should have been a clue to him as to the type of person he was dealing with. He said that about three months into the relationship, Mr. Schrader learned that Mr. Sangha was online making dates and that Mr. Schrader got furious, was slamming doors, and took Mr. Sangha home. Then shortly thereafter, Mr. Schrader called and was apologetic about his behavior. However, he said similar behavior continued and Mr. Schrader would get "furious" whn Mr. Sangha did not get things done on the lists that Mr. Schrader would give him. Mr. Sangha said he confided in friends about this behavior and he said they would probably be willing to substantiate his account. He was asked to have those friends contact us. He said also that he has a witness to the period when Mr. Schrader began harassing him and a witness to when

**EXHIBIT C**
*( 5 of 7 )*

Mr. Schrader appeared outside his Twelve Step meetings. He was asked to have those witnesses contact us.

Mr. Sangha said he met Mr. Schrader through either Match.com or Yahoo Personals but he could not remember exactly which it was. He said that during the course of their relationship, they did not have a lot of interaction with other people which was when he noticed that Mr. Schrader did not seem to have any friends. He said they went out to dinner two or three times, went to movies two or three times, and that on one occasion they went to dinner with a friend of his who is a Lieutenant with the San Francisco Fire Department. He was asked to provide the name of that individual. However, he said that he did not want to drag "Edward" into this matter. He was asked to ask this person if he would talk to us since he might be able to provide insight or intuition into Mr. Schrader's fitness for the fire service.

Mr. Sangha was asked if he observed Mr. Schrader using alcohol or drugs during his association with him. His first response was that Mr. Schrader had told him that his relationship with Mr. Burns was based on "drinking and fighting" and that Mr. Sangha told him that he was not interested in that type of relationship and made it clear that he was involved in a Twelve Step program and had been for approximately twenty years. Mr. Sangha said that he did not observe Mr. Schrader drinking or using drugs during his association with him and he did not observe any indications that he did those things outside of his company during their association.

Mr. Sangha made his second call and report to the San Francisco Police Department on Saturday, August 15, 2009, after he received a letter from Mr. Schrader advising him that Mr. Schrader intended to appeal the restraining order issued by San Francisco Superior Court. Mr. Sangha considered this mail communication to be a violation of the restraining order. He called the San Francisco Police Department and two female officers responded. He showed me the memo sheet left with him by those officers which provided Incident Report Number 090833510, the name of the officer taking the report as Officer Tuvera with Badge Number 4085. On the memo sheet left with Mr. Sangha the box for Domestic Violence Report is checked and the number listed for that bureau of the department is 415-553-9225.

Mr. Sangha was asked if he had anything else to add and he said that Mr. Schrader "has a good way of suiting up, showing up, and presenting himself." He said the person who showed up in court was a different person than the one he was associated with during the course of their relationship. He said that he saw that especially in that when Mr. Schrader was "suited up" and in court and lying under oath that he had a talent for presenting himself as a different person than the person Mr. Sangha knew.

# EXHIBIT C
(6 of 7)



DR Associates International
PO Box 2399
Davis CA 95617

SCHRADER v. SANGHA
Case # CGC-09-493364

DR Associates

# EXHIBIT C
*(7 of 7)*




# EXHIBIT D

( 1 of 3)



## Declaration

    I , Michael Foreman, declare that I am a competent adult over the age of 21 years and that I have first hand, personal knowledge of the facts stated in this declaration, and could, if called as a witness, competently testify to the veracity of such facts.

1.    In response to Interrogatory Section 1.0, I answered the interrogatory and all of the questions therein without the assistance of anyone except Dave Reuben of DR Associates International who provided me with a copy of the report I submitted to DR Associates International summarizing the interview, which report has been previously provided to the requesting party. The requesting party has in his possession all of my addresses and contact information. The addresses and contact information for Mr. Reuben are listed below and are already in the possession of the requesting party.

2.    In response to Interrogatory Section 2.0: On August 21, 2009, I was self employed as a licensed private investigator and I interviewed Narinder Sangha in my capacity as a licensed private investigator engaged in providing investigative services as an independent contractor to DR Associates International, a licensed private investigative firm, which requested that I interview Mr. Sangha.

3.    In response to Interrogatory Section 3.0: I interviewed Mr. Sangha on August 21, 2009. I am unable to remember the exact time but, to the extent I am able to remember the events that occurred on that day, I think the interview occurred in the mid-afternoon. I was informed and believe that only Mr. Sangha and I were present. The interview occurred at Mr. Sangha's residence at 1059 Haight Street in San Francisco, California. I subsequently had one



# EXHIBIT D
*( 2 of 3)*

conversation with Mr. Sangha when I attempted to conduct a follow-up interview approximately one week later but he was not cooperative and would not consent to any additional interview. That conversation lasted one minute or less and occurred at the same place as the interview

3.    In response to Interrogatory Section 4.0 through Section 17.0; my responses to these questions are all summarized in the statement previously provide by DR Associates International to Mr. Schrader. Due to the length of time since the interview, I can not recall any additional "explanatory statements," or "gestures or physical movements." I am unable to currently recall any additional information regarding the interview or provide as accurate an account as that statement prepared shortly after the interview. My job was to conduct a fact-finding interview only. I accurately and completely summarized the content of the interview in the statement already provided to Mr. Schrader. I did not draw conclusions or make "impressions" regarding the content of the interview.

4.    In response to Interrogatory 18.0, I prepared a written report summarizing the interview which has been provided to Mr. Schrader.

5.    In response to Interrogatory 19.0, I sent the report to DR Associates International, whose address is PO Box 2399; Davis, CA, 95617. Their telephone number is 530-758-8902, their fax number is 530-758-8916, and their e-mail address is draintl@aol.com.

6.    In response to Interrogatory 20.0, I was paid for conducting the interview by DR Associates International, whose address is PO Box 2399; Davis, CA, 95617. Their telephone number is 530-758-8902, their fax number is 530-758-8916, and their e-mail address is draintl@aol.com.

////////

/////////

# EXHIBIT D

 

*(3 of 3)*

//////////

//////////

I swear under penalty of perjury under the laws of the state of California that the
foregoing is true and correct to the best of my knowledge.

Date: February 21, 2011

_____
Michael Foreman

# EXHIBIT E
*(1 of 3)*

1  C Edward Schrader
2  341 Rutherford Avenue
   Redwood City, CA 94061
3  (650) 575-8937
4  In Pro Per



**ENDORSED**
**F I L E D**
San Francisco County Superior Court

JAN 1 9 2011

CLERK OF THE COURT
BY: _ERICKA LARNAUTI_
Deputy Clerk

5

6

7  SUPERIOR COURT OF THE STATE OF CALIFORNIA

8  COUNTY OF SAN FRANCISCO

9

10  C EDWARD SCHRADER                    Case No.: CGC-09-493364

11          Plaintiff,

12                                       [PROPOSED] ORDER GRANTING
13  vs.                                  EVIDENCE AND ISSUE SANCTIONS

14  NARINDER SANGHA                      Date:  Jan. 19, 2011
15                                       Time:  9:00 am
          Defendant.                     Dept:  302
16                                       Judge: Hon. Charlotte Walter Woolard
17

18

19      Plaintiff has moved this court for an order pursuant to California Code of Civil

20  Procedure §2023.030(b) granting evidence and issue sanctions against defendant,

21  NARINDER SANGHA, for failing to obey a subpoena and two subsequent court orders

22  compelling defendant Narinder Sangha to serve true and correct copies of his cell

23  phone bill for (415) 509-0729, including voice and text activity from the period of March

24  16, 2009 through July 29, 2009 on him.

25      This matter was heard on January 19, 2011 at 9:00 am in Department 302.

26  Defendant filed no opposition to plaintiff's motion, no opposition to the court's tentative

27  ruling, and did not appear at the hearing.  Based on the Notice of Motion and Motion for

28  Issue, Evidence, and Contempt Sanctions, Supporting Declaration, the supporting

29  memoranda and other related documents filed with the Court in connection with this

30  motion, the papers and records on file in this action, and other matters which the Court

1

 **EXHIBIT E** 
( 2 of 3)

may properly take judicial notice, Plaintiff's motion seeking an order of evidence and issue sanctions is GRANTED.

IT IS ORDERED that the following designated twelve facts shall be taken as established in the action accordance with plaintiff's claim:

1) Prior to and on March 16, 2009, plaintiff and defendant communicated regularly, frequently, and bilaterally via cell phone calls and text messages.

2) Prior to and on March 16, 2009, defendant also communicated regularly, frequently, and bilaterally via cell phone calls and text messages with non-party witness James Setterlund at (510) 432-2434.

3) Prior to and on March 16, 2009, defendant also communicated bilaterally with a non-party witness identifying himself as Jon Zucker at (415) 820-9611.

4) Defendant ceased communicating with non-party witness James Setterlund on or around March 17, 2009.

5) On March 17, 2009, plaintiff and defendant did not communicate via phone call.

6) On March 17, 2009, defendant NARINDER SANGHA initiated an exchange of seven text messages with plaintiff beginning at 3:54pm PST and ending at 8:24pm PST.

7) Plaintiff and defendant did not communicate via voice or text message between March 18, 2009 and March 27, 2009.

8) On April 3, 2009 at 2:26pm PST and April 7, 2009 at 4:02pm PST, plaintiff left defendant two one minute voicemails.

9) Plaintiff did not call defendant after April 7, 2009.

10) On six days between the period of March 27, 2009 and April 10, 2009, plaintiff sent defendant eleven text mail messages between the hours of 9:42 am PST and 5:04pm PST.

11) Defendant did not receive any text messages from plaintiff past April 10, 2009.



# EXHIBIT E
*(3 of 3)*

1    12)  Defendant regularly, frequently, and bilaterally communicated with other

2    parties past 10:00pm PST.

3

4    IT IS FURTHER ORDERED that defendant NARINDER SANGHA is prohibited

5    from opposing the twelve facts listed above.

6

7    IT IS FURTHER ORDERED that defendant NARINDER SANGHA is prohibited

8    from introducing a copy of his cell phone records from the period of March 16,

9    2009 to July 29, 2009 into evidence.

10

11   Date:                   JAN 1 9 2011

12                                               ORETTA M. GIORGI

13                                       Hon. ~~Charlotte Walter Woolard~~

14                                       Judge, Superior Court

15                                               ORETTA M. GIORGI

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

**EXHIBIT F**

*( 1 of 2 )*

1  C Edward Schrader
   341 Rutherford Avenue
2  Redwood City, CA 94061
   (650) 575-8937
3  In Pro Per

4

5  SUPERIOR COURT OF THE STATE OF CALIFORNIA

6  COUNTY OF SAN FRANCISCO

7

8  C EDWARD SCHRADER,                    Case No.: CGC-09-493364

9       Plaintiff,

10                                        DECLARATION OF WITNESS ROBERT
                                          GREELEY IN SUPPORT OF JUDGMENT
11 vs.                                    AGAINST DEFENDANT NARINDER
                                          SANGHA
12 NARINDER SANGHA,

13      Defendant.

14

15

16 I, Robert Greeley, do hereby declare that I am a competent adult over the age of 21 years and that I

17 have first hand, personal knowledge of the facts set forth below, and if called as a witness, could and

18 would competently testify thereto.

19

20 1.      I represented C Edward Schrader as counsel in his appeal to the City of San Jose Civil Service

21

22 Commission in an effort to reinstate his offer of employment as a firefighter recruit with the city of

23 San Jose, California.

24

25 2.      During the appeal, it became clear that statements made by defendant Narinder Sangha during

26 C Edward Schrader's background interview damaged Mr. Schrader's reputation with Law

27 Enforcement Psychological Services personnel, who (1) recommended to City of San Jose Fire

28

DECLARATION OF WITNESS ROBERT GREELEY

 **EXHIBIT F** 
*( 2 of 2 )*

1    Department personnel that Mr. Schrader's conditional offer of employment be withdrawn, and (2)

2    subsequently testified against Mr. Schrader at his Civil Service Commission appeal.

3

4

5    3.     Mr. Schrader suffered tremendous shame, humiliation, and embarrassment as a direct result of

6    Narinder Sangha's statements.  He broke down in tears during the appeal.

7

8    I declare under penalty of perjury under the laws of the State of California that the foregoing is true

9    and correct.

10

11

12    Dated:  April 14, 2011

13                              Robert E. Greeley

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF WITNESS ROBERT GREELEY**

 # EXHIBIT G 
( 1 of 2 )

C Edward Schrader
341 Rutherford Avenue
Redwood City, CA 94061
(650) 575-8937
In Pro Per

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| C EDWARD SCHRADER | Case No.: CGC-09-493364 |
| Plaintiff, | DECLARATION OF WITNESS BRANDON LESLIE IN SUPPORT OF DEFAULT JUDGMENT |
| vs. | |
| NARINDER SANGHA | |
| Defendant. | |

I, Brandon Leslie, declare as follows:

1. I have firsthand knowledge of all the facts set forth in this declaration and if called to testify could testify competently thereto.

2. Plaintiff C Edward Schrader has suffered tremendous humiliation, shame, mental anguish and severe emotional distress as a direct result of the Defendant Narinder Sangha's statements.



# EXHIBIT G
*(2 of 2)*

3. Plaintiff C Edward Schrader has suffered from depression, weight gain, insomnia, anxiety, and withdraw from social participation as a direct result of Defendant Narinder Sangha's statements.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 17th day of April, 2011 at Redwood City, California.

Brandon K. Leslie

# EXHIBIT H

## CHARLES E SCHRADER II
341 Rutherford Avenue
Redwood City, CA 94061
v (650) 575-8937
eschrade68@yahoo.com

## Summary

Finance professional with over fifteen years financial analysis experience. Strong modeling, PC and analytical skills, and proven track record of developing reliable financial models for business and economic decision making in a fast paced, ambiguous environment.

## Work Experience

**Cisco Systems, Inc. San Jose, CA,** Sr. Manager, SOx Compliance, 01/05 – 09/09

- Manage global SOx compliance for Cisco's Sales, Service, Legal, and associated IT areas. Plan, manage and execute global SOX and policies compliance activities including planning, scoping, testing, determining effectiveness of controls, identifying and evaluating processes, risks, internal controls, deficiencies and remediation and monitoring control compliance, managing and coordinating with internal and external auditors and cross functional departments company wide.
- Widely regarded as Cisco's SOx expert, demonstrating strong technical accounting, audit and SOX compliance knowledge, particularly in the area of revenue recognition (SOP 97-2). Provide technical guidance to ensure global financial policy compliance.
- Deliver regular detailed timely updates of the status of SOx activities to Cisco Executive management and external audit partners. Monitor company activities to identify potential changes in internal controls. Identify control design and effectiveness deficiencies and led remediation efforts in an effective and timely manner. Establish process improvements particularly in the SOx and Policies Compliance department. Supervise staff and coordinate the activities of other global regional SOX representatives.

**Applied Biosystems, Inc. Foster City, CA**

Sr. Manufacturing Manager, Reagents and Array Devices, 06/03 – 05/04

- Managed microarray device start-up operations, successfully building a team, developing operational processes and supporting infrastructure, and meeting build and quality objectives. Project lead for Manufacturing/Distribution Strategy team, making successful recommendations to Sr. VP of Operations regarding product manufacturing and distribution strategy. Successfully transferred 40% of ongoing reagent manufacturing operations from Foster City to lower cost regions while meeting operational objectives and avoiding layoffs.

Controller, Global Operations, 01/00 – 06/03

- Provided business and financial leadership to $257M global operation in business strategy, financial planning and analysis, and business decision support. Performed competitive analysis and benchmarking of competitors' asset management performance and supply chain strategy. Developed business case and presentation for successful recommendation to Board of Directors regarding acquisition of expansion site ($200M+ project). Recommended key metrics and developed tools/infrastructure for ongoing ops management. Strong partner with and consultant to senior and mid-level operations management.

**Hewlett Packard Company/Agilent Technologies, Palo Alto, CA,** Financial Analyst to Controller, 06/93 – 01/00

Controller, NetMetrix Division, Palo Alto, CA 01/99 – 01/00

- Provided business and financial leadership to NMX division in business strategy, financial planning, and budgeting. Recruiting planning and reporting analyst to provide ongoing analysis and support. Led development of valuation models and business cases for both a $15M corporate and a $4M IP acquisition. Managed the due diligence process for the acquisition receiving approval. Negotiated service levels and financial terms/conditions with VAR and OEM channel partners, technology providers, and both internal and external service providers. Responsible for competitive analysis and external benchmarking in network performance management marketplace, successfully influsincing asset management policies and product development plan. Served as divisional Y2K Manager, championing product testing, contingency plan development, and both internal and external communication efforts. Supported sales force efforts by making customer visits and presenting development of roadmap and specific solution presentations.

 # EXHIBIT H  *(2 of 2)*

Finance Manager, Channel Logistics and Fulfillment, Santa Clara, CA, 08/95 – 01/99

• Provide financial leadership to the inkjet peripheral business and managers in the reduction of inventory-driven and distribution costs. Responsible for business planning and financial reporting processes. Lead an HP Finance team in the development of an HP approved supply chain analysis which recommended moving a printer distribution center from New Jersey to the Midwest, with an estimated NPV of $17M. Identified opportunities to lower freight costs $3.4M annually by changing operational systems and organizational behavior. Benchmarked locally managed freight contracts against those managed centrally, highlighting a $0.031 cost per pound delta. Drove changes in structure of local contracts to reduce costs. Managed business during concurrent SAP migration, volume growth, supply chain changes, cost pressures, and staffing changes while driving legacy process improvement efforts. Co-developed plan to migrate 100% of CLF business processes to the SAP platform. Led local implementation of company-wide financial reporting project for one year, and successfully transitioned responsibility. Created and maintained an environment that attracted, developed, and retained the best people. Coached, managed, and developed an extended team of fifteen people.

Sr. Financial Analyst, Telecommunications Platform Division, Cupertino, CA 04/94 – 08/95

• Provided sole financial leadership and support to General Manager, functional staff, and a team of eighty in the growth of a startup operation to a division with $45M in annual revenue. Developed, managed, and improved all processes associated with planning and reporting. Performed financial analysis that proposed the purchase of a licensed technology, and participated in the related negotiations and contractual development processes. Developed a monthly financial package that supported evaluation of TPD's portfolio of technologies and products, later adopted by TPD's licensor, the TSBU. Performed financial analysis that drove the development of TPD's manufacturing strategy. Passed HP internal audit without any formal or management letter comments. Oversaw move of organization from PTP to Cupertino site.

Financial Analyst, Integrated Systems Division, Sunnyvale, CA, 06/93 – 04/94

• Developed budgeting tool used site-wide for over three years, prior to implementation of HP wide system. Provided financial leadership to ISD Manufacturing Manager and management staff of seven. Analyzed proposals made by development engineers for pricing integrated systems to telecommunication and defense industry customers. Developed and presented program profitability analysis during phase reviews.

**Servicios de Productividad, Mexico City, Mexico, 09/90 – 08/91**

Management Consultant

• Reengineered production planning processes for adhesive tape division of consumer products firm to improve performance to plan and lower FGI inventory levels. Developed framework for linear programming model for use in designing metropolitan area transportation routes of a major Mexican soft drink manufacturer.

**Education**

MBA, Finance, Indiana University Graduate School of Business, Bloomington, IN, 05/93, GPA 3.5

BA, Spanish, Minors in Math and Computer Science, Purdue University, West Lafayette, IN, 08/90, GPA 3.43

# EXHIBIT I (1 of 2)

Analysis of Special Damages (Loss of Earnings), Schrader v. Sangha, Case No. CGC-09-493364

3.00%  Annual Discount Rate (A)

| Year | Age | 2009 Comp (B) | Notes | Present Value Factor (C) | Survival Probability (D) | Labor Force Participation Probability (E) | Employment Probability (F) | Risk Adjusted Present Value of Lost Earnings = B x C x D x E x F | 5/24/2011 Trial Date Past Lost Earnings | 5/24/2011 Trial Date Future Lost Earnings | Return To Work/Wage Loss Offset Factor | 5/24/2011 Trial Date Unoffset Future Earnings |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2009 | 41 | 14,846 | 3 mo. Academy (B1) | 1.00000 | 1 | 1 | 1 | 14,846.01 | 14,846.01 | | | |
| 2010 | 42 | 118,977 | Conversion to | 1.00000 | 1 | 1 | 1 | 118,976.81 | 118,976.81 | | | |
| 2011 | 43 | 118,977 | Firefighter Pay (B2) | 1.00000 | 1 | 1 | 1 | 118,976.81 | 46,612.83 | 72,363.98 | 0 | 72,364 |
| 2012 | 44 | 118,977 | | 0.9709 | 0.99684 | 0.97 | 0.965 | 107,785.74 | | 107,785.74 | 0.33 | 72,216 |
| 2013 | 45 | 118,977 | | 0.94260 | 0.99656 | 0.953 | 0.945 | 100,650.96 | | 100,650.96 | 0.66 | 34,221 |
| 2014 | 46 | 118,977 | | 0.91510 | 0.99626 | 0.953 | 0.945 | 97,685.09 | | 97,685.09 | 1 | 0 |
| 2015 | 47 | 118,977 | | 0.88850 | 0.99595 | 0.953 | 0.945 | 94,816.08 | | 94,816.08 | 1 | 0 |
| 2016 | 48 | 118,977 | | 0.86260 | 0.9956 | 0.953 | 0.945 | 92,019.82 | | 92,019.82 | 1 | 0 |
| 2017 | 49 | 118,977 | | 0.83750 | 0.99521 | 0.953 | 0.945 | 89,307.22 | | 89,307.22 | 1 | 0 |
| 2018 | 50 | 118,977 | | 0.81310 | 0.99479 | 0.953 | 0.945 | 86,668.72 | | 86,668.72 | 1 | 0 |
| 2019 | 51 | 118,977 | | 0.78940 | 0.99431 | 0.953 | 0.945 | 84,101.93 | | 84,101.93 | 1 | 0 |
| 2020 | 52 | 118,977 | | 0.76640 | 0.99381 | 0.953 | 0.945 | 81,610.47 | | 81,610.47 | 1 | 0 |
| 2021 | 53 | 118,977 | | 0.74410 | 0.99331 | 0.953 | 0.945 | 79,195.98 | | 79,195.98 | 1 | 0 |
| 2022 | 54 | 118,977 | | 0.72240 | 0.99284 | 0.953 | 0.945 | 76,850.03 | | 76,850.03 | 1 | 0 |
| 2023 | 55 | 118,977 | | 0.70140 | 0.9924 | 0.801 | 0.957 | 63,483.27 | | 63,483.27 | 1 | 0 |
| 2024 | 56 | 118,977 | | 0.68100 | 0.99124 | 0.801 | 0.957 | 61,564.83 | | 61,564.83 | 1 | 0 |
| 2025 | 57 | 118,977 | | 0.66110 | 0.99144 | 0.801 | 0.957 | 59,777.86 | | 59,777.86 | 1 | 0 |
| 2026 | 58 | 118,977 | | 0.64190 | 0.99086 | 0.801 | 0.957 | 58,007.81 | | 58,007.81 | 1 | 0 |
| 2027 | 59 | 118,977 | | 0.62320 | 0.99013 | 0.801 | 0.957 | 56,276.42 | | 56,276.42 | 1 | 0 |
| 2028 | 60 | 118,977 | | 0.60500 | 0.98925 | 0.801 | 0.957 | 54,584.36 | | 54,584.36 | 1 | 0 |
| 2029 | 61 | 118,977 | | 0.58740 | 0.98819 | 0.801 | 0.957 | 52,939.66 | | 52,939.66 | 1 | 0 |
| 2030 | 62 | 118,977 | | 0.57030 | 0.98702 | 0.801 | 0.957 | 51,337.66 | | 51,337.66 | 1 | 0 |
| 2031 | 63 | 118,977 | | 0.55370 | 0.9858 | 0.801 | 0.957 | 49,781.74 | | 49,781.74 | 1 | 0 |
| 2032 | 64 | 118,977 | | 0.53750 | 0.98466 | 0.801 | 0.957 | 48,269.36 | | 48,269.36 | 1 | 0 |
| 2033 | 65 | 118,977 | Retirement | 0.52190 | 0.98357 | 0.299 | 0.945 | 17,256.71 | | 17,256.71 | 1 | 0 |
| | | | | | | | | | **180,435.65** | | | **178,801.75** |

# EXHIBIT 1 (2 of 2)

## Analysis of Special Damages (Loss of Earnings), Schrader v. Sangha, Case No. CGC-09-493364

(A) Source: "Errors in Litigating Lost Earnings Estimates", by James Plummer, PhD
http://www.qedresearch.biz/Lit%20pub%203.pdf

(B1) Source: SJFD Offer Letter - 08/04/09 - Schrader Declaration, Exhibit A

(B2) Average annual compensation from San Jose Mercury News
2009 Public Employees Salary Database
http://www.mercurynews.com/ci_14710803?nclick_check=1

(C) http://www.studyfinance.com/common/table3.pdf

(D) National Vital Statistics Reports, Vol. 58, no. 10, March 2010

(E) Determining Economic Damages, Gerald D. Martin, Ph.D., §1271, Table 45
Probability of Participation and Employment, Participation Rate - Men

(F) Determining Economic Damages, Gerald D. Martin, Ph.D., §1271, Table 45
Probability of Participation and Employment, Employment Rate - Men

# EXHIBIT J ( 1 of 2)

1    C Edward Schrader

ENDORSED
F I L E D
San Francisco County Superior Court

APR 0 5 2011

CLERK OF THE COURT
BY: MARJORIE SCHWARTZ-SCOTT
Deputy Clerk

2    341 Rutherford Avenue
Redwood City, CA 94061
3    (650) 575-8937
4    In Pro Per

5

6        SUPERIOR COURT OF THE STATE OF CALIFORNIA

7            COUNTY OF SAN FRANCISCO

8

9    C EDWARD SCHRADER              Case No.: CGC-09-493364

10            Plaintiff,            [PROPOSED] ORDER COMPELLING
                                    COMPLIANCE WITH SUBPOENA
11    vs.

12
      NARINDER SANGHA
13

14            Defendant.

15

16        Plaintiff has made an ex parte application for an order compelling compliance

17    with subpoena of defendant's financial records.

18

19        GOOD CAUSE APPEARING, Plaintiff C Edward Schrader's Motion for an Order

20    Compelling Compliance with Subpoena is GRANTED.

21

22        Defendant shall produce true and correct copies of all Defendant's bank account

23    monthly statements from the period of July, 2009 through October, 2009 within thirty

24    days of mailing of this order.

25

26        IT IS SO ORDERED.

27

28    Dated:                    _____
                                LORETTA M GIORGI
29        APR 0 5 2011          Hon. Loretta Giorgi

30                              Judge, Superior Court

5

# EXHIBIT J (2 of 2)

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| C Edward Schrader<br>341 Rutherford Avenue<br>Redwood City, CA 94061<br><br>TELEPHONE NO.: 650 575 8937    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* In Pro Per | ENDORSED<br>F I L E D<br>Superior Court of California<br>County of San Francisco<br><br>APR 0 7 2011<br><br>CLERK OF THE COURT<br>BY: ROSSALY DE LA VEGA<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
  STREET ADDRESS: 400 McAllister Street
  MAILING ADDRESS: 400 McAllister Street
  CITY AND ZIP CODE: San Francisco, CA 94102
  BRANCH NAME: Civil Unlimited

PETITIONER/PLAINTIFF: C Edward Schrader

RESPONDENT/DEFENDANT: Narinder Sangha

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>CGC-09-493364 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   506 Upland Road, Redwood City, CA 94062

3. On *(date):* 4/5/11    I mailed from *(city and state):* Redwood City, CA
   the following **documents** *(specify):*
   Order compelling compliance with subpoena of defendant's financial records

   [  ] The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
       (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. [ ✓ ] **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. [  ] **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this
       business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is
       placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in
       a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Chris Leuterio, Attorney for Defendant
   b. **Address** of person served:
      3 Chanticleer Avenue, Mill Valley, CA 94941

   [  ] The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service
       by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/5/11

Brandon Leslie                                          ►
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)        (SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |
|---|---|---|

# EXHIBIT K ( 1 of 2 )

C Edward Schrader
341 Rutherford Avenue
Redwood City, CA 94061
(650) 575-8937
In Pro Per

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| C EDWARD SCHRADER | Case No.: CGC-09-493364 |
| Plaintiff, | |
| | CERTIFICATE OF NON-APPEARANCE |
| | Date: May 4, 2011 |
| vs. | Time: 9:00 am |
| | Location: San Mateo County Law Library |
| NARINDER SANGHA | Redwood City, CA |
| Defendant. | |

I do hereby certify that the Defendant Narinder Sangha who was noticed to appear for a deposition under oath on the date, time and at the location noted in the above-entitled matter did not, in fact, appear for said deposition/examination under oath and that the undersigned waited a total of 15 minutes beyond the scheduled starting time.

I further certify that I am not connected by blood or marriage with any of the parties; their attorneys or agents; and that I am not interested directly, indirectly, or financially, in the matter of controversy.

I have hereunto set my hand at Redwood City, California, County of San Mateo, State of California.

Paul Schlegel

# EXHIBIT K ( 2 of 2 )

POS-030

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |

C Edward Schrader
341 Rutherford Avenue
Redwood City, CA 94061

TELEPHONE NO.: 650 575 8937        FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PETITIONER/PLAINTIFF: C Edward Schrader

RESPONDENT/DEFENDANT: Narinder Sangha

FOR COURT USE ONLY

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

APR 0 7 2011

CLERK OF THE COURT
BY: _____ ALY DE LA VEGA
Deputy Clerk

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>CGC-09-493364 |
|---|---|

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:

   506 Upland Road, Redwood City, CA 94061

3. On *(date)*: 4/2/2011        I mailed from *(city and state)*: Redwood City, CA
   the following **documents** *(specify)*:
   DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE OF DEFENDANT NARINDER SANGHA
   ON 05/04/11

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
      (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this
      business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is
      placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in
      a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Chris Leuterio, Esq.
   b. **Address** of person served:

      3 Chanticleer Avenue, Mill Valley, CA 94941

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service
      by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 2, 2011

Brandon Leslie
_____        ▶ _____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)        (SIGNATURE OF PERSON COMPLETING THIS FORM)

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER |
|---|---|

**ORIGINAL**

| PLAINTIFFS | DEFENDANTS |
|---|---|
| CHARLES EDWARD SCHRADER | NARINDER SANGHA |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| In Pro Per | Deepalie M Joshi, 3050 Rue D'Orleans, San Diego, CA 92110 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

BY FAX

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff has a money judgment including punitive damages against Sangha for $1,369,633.40 from Sangha's willful and malicious injury upon Plaintiff. Statutes involved include Sections 1334 and 157(b)(2)(j) (jurisdiction), 1409 (venue), and 523(a)(6) (nondischargeability based on willful and malicious injury).

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 1 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - reinstatement of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,369,633.4 |

**Other Relief Sought**

Denial of discharge, costs of suit, and any such further relief that the Court deem proper.

**FORM 104 (10/06), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>    NARINDER SANGHA | | BANKRUPTCY CASE NO.<br>6:13-bk-16964-MH |
| DISTRICT IN WHICH CASE IS PENDING<br>    CENTRAL | DIVISIONAL OFFICE | NAME OF JUDGE<br>    MARK HOULE |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*C Edward Schrad*

| DATE<br>04/24/13 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>    CHARLES EDWARD SCHRADER |
|---|---|

Print Form

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by