

FILED & ENTERED

MAR 15 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY cargill    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re<br><br>Narinder Sangha,<br><br>　　　　　　　　　　　　**Debtor**.<br><br>Charles Edward Schrader,<br><br>　　　　　　　　　　　　**Plaintiff**,<br>　vs.<br><br>Narinder Sangha,<br><br>　　　　　　　　　　　　**Defendant**. | Case No.: 6:13-bk-16964-MH<br><br>Adversary No.: 6:13-01171-MH<br><br>Chapter 7<br><br>**MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY ADJUDICATION ON REMAND**<br><br>Date: October 10, 2018<br>Time: 2:00 p.m.<br>Courtroom: 303 |

### I.    BACKGROUND

The following is a recitation of the facts of this adversary proceeding as summarized by the Ninth Circuit BAP ("BAP") in *In re Sangha*, No. ADV. 13-01171-MH, 2015 WL 3655113, at *2 (B.A.P. 9th Cir. June 11, 2015), aff'd and remanded, 678 F. App'x 561 (9th Cir. 2017).

On October 13, 2009, Charles Schrader ("Schrader") filed a complaint against Narinder Sangha ("Sangha") for defamation (slander per se) in San Francisco Superior Court ("State Court"), alleging that Sangha had made false statements about Schrader in the course of an employment background investigation. On November 17, 2009, Sangha filed an answer and general denial. The state court granted Schrader leave to file a second amended complaint on February 14, 2011. In the second

amended complaint (the "SAC"), all fourteen causes of action alleged that Sangha made the defamatory statements with malice; the prayer sought an award of exemplary damages.

On March 4, 2011, Schrader filed a motion for terminating sanctions against Sangha for engaging in discovery abuses. The state court granted Schrader's sanctions motion and struck Sangha's answer to the second amended complaint, commenting: "The Court finds that Defendant's failure to respond to the Court's orders compelling a response to interrogatory is willful." Sangha then dismissed his attorney Christopher Leuterio and filed a substitution of attorney showing Christopher N. Mandarano was to be his counsel. On April 8, 2011, Sangha terminated Mandarano, and substituted Robert D. Finkle as his attorney.

On April 18, 2011, the State Court entered a default against Sangha. It conducted a prove-up hearing on Schrader's motion for entry of default judgment on June 2, 2011 and entered a judgment the same day (the "State Court Judgment") awarding Schrader $1,369,633.40, comprised of $1,000,000 for general damages, $368,535.40 for "Special/Punitive Damages," and $1,098.00 for costs.

On November 14, 2011, the State Court denied Sangha's motion to vacate the State Court Judgment. Sangha did not appeal the State Court Judgment.

Sangha filed a chapter 7 bankruptcy petition on April 18, 2013. In his schedules, he listed a disputed debt owed to Schrader of $1,369,634.00 for the State Court Judgment.

On April 23, 2013, Schrader filed an adversary complaint against Sangha seeking an exception to discharge under § 523(a)(6) for the debt evidenced by the State Court Judgment. Sangha filed an answer on August 21, 2013, generally denying the complaint's allegations and stating three affirmative defenses: that the purported false statements were privileged; that Schrader had engaged in fraud by concealment of material facts from the state court; and that Schrader had unclean hands.

Schrader filed a motion for summary judgment on April 25, 2014, arguing that there were no disputed material facts and that the State Court Judgment was preclusive as to all the elements required for an exception to discharge under § 523(a)(6).

Responding to the summary judgment motion on June 4, 2014, Sangha asserted that triable issues of fact remained concerning Schrader's unclean hands, fraud, the damage award, and Sangha's intent. Sangha also argued that he was entitled to conduct discovery. Schrader filed a reply on June 12, 2014, which included various documents in opposition to Sangha's allegations.

Before the motion hearing on July 8, 2014, the bankruptcy court posted a detailed tentative decision. Among the conclusions in the tentative decision of the bankruptcy court were that:

—There was no genuine dispute that the State Court Judgment included $6,000 in punitive damages.

—All elements of issue preclusion were satisfied.

—None of Sangha's arguments supported the extrinsic fraud exception to issue preclusion.

—The evidence reflected that all damages awarded were attributable to Sangha's malicious conduct.

—Sangha was seeking discovery to relitigate the State Court Judgment findings. The information he sought would not prevent summary judgment.

After hearing from the parties at the hearing, the bankruptcy court decided to grant summary judgment, and adopted its tentative decision, which it incorporated in a judgment (the "Bankruptcy Judgment") entered on August 7, 2014, that declared the State Court Judgment in the amount of $1,369,633.40 was excepted from discharge under § 523(a)(6).

## II.    THE APPEALS AND SUBSEQUENT PROCEEDINGS

Sangha filed his appeal of the Bankruptcy Judgment on August 18, 2014. On June 11, 2015, the BAP entered its decision vacating the Bankruptcy Judgment and remanding the matter for further proceedings by this Court. On August 4, 2015, Sangha docketed an acknowledgment from the Ninth Circuit Clerk of Court of his own appeal of the BAP's ruling to the Ninth Circuit Court of Appeals. On March 10, 2017, the Ninth Circuit issued its Judgment affirming the BAP and directing this Court to re-evaluate the availability of issue preclusion in light of *In re Plyam*, 530 B.R. 456 (9th Cir. BAP 2015), which was decided by the BAP subsequent to issuance of the Bankruptcy Judgment. The Ninth Circuit further directed that:

> … the bankruptcy court must consider whether the state court default judgment and the allegations in Schrader's second amended complaint preclude relitigation of § 523(a)(6)'s "willful" intent requirement. If the bankruptcy court determines that the allegations in the second amended complaint together with the punitive damage award preclude relitigation of § 523(a)(6)'s "willful and malicious" intent requirements, then the California state trial court default judgment in favor of Schrader is not dischargeable.

*In re Sangha*, 678 F. App'x 561, 562 (9th Cir. 2017).

The mandate of the Ninth Circuit to this Court issued on March 20, 2017. On April 5, 2017, the Court held a status conference to discuss with the parties the need for briefing to address the Ninth Circuit's determination that application of issue preclusion must be evaluated in light of *Plyam*. At the status conference, the Court directed the parties to file supplemental briefs. The Court has authorized the filing of the following supplemental briefs to address *Plyam*[1]:

- Schrader filed a Motion for Summary Judgment, which the Court construes as Schrader's Supplemental Brief Re: Remand.[2]
- Sangha Brief Re: Remand (Docket No. 211) (re-filed and amended with correct hearing date (Docket No. 215).
- Sangha Second Supplemental Memorandum (Docket No. 234).
- Schrader Reply to Second Supplemental Memorandum (Docket No. 235) and related Compendium of Exhibits (Docket No. 236).
- Second Supplemental Memorandum of Schrader (Docket No. 252)
- Request for Judicial Notice (Docket No. 254)
- Reply to Second Supplemental Memorandum of Schrader (Docket No. 260).

### III. JURISDICTION

The Court has jurisdiction over this adversary proceeding under 28 U.S.C. 157(b)(2)(I) and § 1334. Venue is proper in this judicial district.

### IV. STANDARDS FOR SUMMARY JUDGMENT & COLLATERAL ESTOPPEL

Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7056).

---

[1] Subsequent to the April 5, 2017, status conference, Sangha filed a substitution of attorney.

[2] The Court's consideration of all supplemental pleadings was limited to considering authorities and arguments addressing the BAP's *Plyam* decision specifically. The Court, for purposes of this opinion, has not considered any other arguments or evidence submitted by the parties.

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. *Id*. at 324. The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). The inference drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Valadingham v. Bojorquez*, 866 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Insurance Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981).

Issue preclusion may provide a proper basis for granting summary judgment. *San Remo Hotel, L.P. v. San Francisco City and Cnty.*, 364 F.3d 1088, 1094 (9th Cir.2004). To meet its burden on a motion for summary judgment based on issue preclusion, the proponent must have pinpointed the exact issues litigated in the prior action and introduced a record establishing the controlling facts. *Honkanen v. Hopper* (*In re Honkanen*), 446 B.R. 373, 382 (9th Cir. BAP 2011); *Kelly v. Okoye* (*In re Kelly*), 182 B.R. 255, 258 (9th Cir. BAP 1995).

Issue preclusion may apply in bankruptcy discharge proceedings. *Grogan v. Garner*, 498 U.S. 279, 284 (1991). The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the Full Faith and Credit Act, 28 U.S.C. § 1738, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). When state preclusion law controls, the decision to apply the doctrine is made in accordance with state law. *Khaligh v. Hadegh* (*In re Khaligh*), 338 B.R. 817, 823 (9th Cir. BAP 2006), aff'd, 506 F.3d 956 (9th Cir.2007).

Under California law, the party asserting issue preclusion has the burden of establishing the following threshold requirements:

(1) The issue sought to be precluded from relitigation must be the **identical issue** to that decided in a former proceeding;

    (2) This issue must have been ***actually litigated*** in the former proceeding;
    (3) It must have been ***necessarily decided*** in the former proceeding;
    (4) The decision in the former proceeding must be ***final and on the merits***; and
    (5) The party against whom preclusion is sought must be the ***same party*** as, or in privity with, the party to the former proceeding.

*Harmon v. Kobrin* (*In re Harmon*), 250 F.3d 1240, 1245 (9th Cir.2001) (citing *Lucindo v. Super. Ct.*, 795 P.2d 1223, 1225 (Cal.1990)) (emphasis added). These are known as the "*Harmon*" factors. But even if these five requirements are met, application of issue preclusion under California law requires a "mandatory 'additional' inquiry into whether imposition of issue preclusion would be fair and consistent with sound public policy." *Khaligh*, 338 B.R. at 824–25. "The purposes of the doctrine are to promote judicial economy by minimizing repetitive litigation, preventing inconsistent judgments which undermine the integrity of the judicial system and to protect against vexatious litigation." *Younan v. Caruso*, 51 Cal.App. 4th 401, 407 (1996).

      On remand from the Ninth Circuit, the first issue considered by this Court is, whether the State Court Judgment, and specifically the punitive damages award, together with the record of the State Court proceedings preclude relitigation of § 523(a)(6)'s "willful" intent requirement in light of *Plyam*. The second issue, in response to the BAP's ruling, is whether the "malicious injury" prong under § 523(a)(6) is satisfied by the State Court Judgment.

### V.   DISCUSSION

      Section 523(a)(6) provides that: "(a) A discharge under 727 ... of this title does not discharge an individual debtor from any debt—... (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." Whether a particular debt is for willful and malicious injury by the debtor to another or the property of another under § 523(a)(6) requires application of a two-pronged test to the conduct giving rise to the injury. In other words, the creditor must prove that the debtor's conduct in causing the injuries was both willful and malicious. *Barboza v. New Form, Inc.* (*In re Barboza*), 545 F.3d 702, 711 (9th Cir. 2008) (citing *Carrillo v. Su* (*In re Su*), 290 F.3d 1140, 1146–47 (9th Cir. 2002) and requiring the application of a separate analysis of each prong of "willful" and "malicious").

### 1. PRECLUSIVE EFFECT OF DEFAULT JUDGMENTS IN CALIFORNIA

In *In re Harmon*, the Ninth Circuit discussed the narrow permissible application of collateral estoppel to judgments obtained by default under California law. *Harmon*, 250 F.3d at 1246. Specifically, the Ninth Circuit, citing the California Supreme Court in *Williams v. Williams* (*In re Williams' Estate*), 36 Cal.2d 289, 223 P.2d 248 (1950), held that under California law, a default judgment is an estoppel as to all issues necessarily litigated therein and determined thereby exactly like any other judgment. *Harmon* at 1246. This generally includes all material facts averred in the complaint. *Horton v. Horton*, 18 Cal. 2d 579, 585, 116 P.2d 605, 608 (1941). However, the *Williams' Estate* court limited the principle that a defaulting defendant "'is presumed to admit all the facts which are well pleaded in the complaint'" by allowing an issue to have preclusive effect "only where the record shows an express finding upon the allegation" for which preclusion is sought. *Harmon* at 1246 (internal citations omitted). Subsequent to the *Harmon* decision, the Ninth Circuit decided *In re Cantrell*, 329 F.3d 1119, 1124 (9th Cir. 2003) (citing *Harmon* at 1248.) which clarified the *Harmon* decision by holding that, "the express finding requirement (under California law regarding application of collateral estoppel) can be waived if the court in the prior proceeding ***necessarily decided*** the issue." *Cantrell* at 1124 (emphasis added). Thus, an express finding is not required where the court's determination of the issue that is subject to collateral estoppel in the subsequent action was necessary to entry of the final judgment in the prior action. *See id*. In such a situation, if an issue was necessarily decided in a prior proceeding, it was (also) actually litigated." *Cantrell*, 329 F.3d at 1124.

As to the instant case, the BAP found specifically in *Sangha* that where the State Court Judgment's award of punitive damages could be based on several possible states of mind, each of which could have independently resulted in the punitive damages award, the court could not assume Sangha's acts were committed with the specific state of mind required under § 523(a)(6), *i.e.*, with intent to injure. *Sangha*, 2015 WL 3655113, at *6. The BAP went on to conclude that because the State Court made no clear, specific findings explaining its reasons for awarding punitive damages, and there are several grounds under California law that allow punitive damage awards without the intent to injure, the bankruptcy court, on summary judgment, could not infer that Sangha acted with the requisite willful intent solely because the State Court Judgment included an award of punitive damages. *Id*. However, the BAP also indicated that it may be possible to infer an actor's intent to injure from a finding that the actor

committed malice in fact when supported by other facts in the record. *Id*. at *6. The Court now turns to the specific issue of willfulness and examines whether the record of the State Court proceedings permits application of issue preclusion in accordance with the BAP's decisions in *Sangha* and *Plyam*.

## 2. WILLFUL INJURY

To show that a debtor's conduct is willful requires proof that the debtor deliberately or intentionally injured the creditor, and that in doing so, the debtor intended the consequences of his act, not just the act itself. *Kawaauhau v. Geiger*, 523 U.S. 57, 60–61 (1998); *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1143 (9th Cir. 2002). The debtor must act with a subjective motive to inflict injury, or with a belief that injury is substantially certain to result from the conduct. *In re Su*, 290 F.3d at 1143. "Debts arising from **recklessly** or **negligently** inflicted injuries do not fall within the compass of § 523(a)(6)." *Plyam* at 463 (quoting *Kawaauhau v. Geiger*) (emphasis added).

In the instant case, the BAP did not disturb this Court's finding that punitive damages were awarded to Schrader in the State Court Judgment. Civil Code section 3294, subdivision (a) states, in full: "In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Cal.Civ.Code § 3294. Thus, to award punitive damages to Schrader, the State Court must have found that in addition to committing slander under California Civil Code § 46, that Sangha was also guilty of oppression, fraud, and/or malice.

In *In re Pylam*, the Ninth Circuit BAP discussed the application of California's punitive damages statute, Cal. Civil Code § 3294 ("Section 3294"), to the § 523(a)(6) willfulness requirement. 530 B.R. 456, 465. Section 3294 provides statutory definitions for the following four bases for an award of punitive damages[3]:

---

[3] This Court's prior decision analyzed State Court Judgment punitive damages award under California's common law definition of malice in fact (*i.e.*, a "willingness to annoy, vex or injure"). However, as explained by the Supreme Court of California in *Coll. Hosp. Inc. v. Superior Court*, 8 Cal. 4th 704, 713, 882 P.2d 894, 899 (1994), as modified (Nov. 23, 1994), the common law definition of malice has since been codified by the California legislature. The Court now modifies its analysis to address the issue of willfulness in the context of California's statutory definition of malice which changed the substantive requirements for recovering punitive damages under Cal. Civ.Code, § 3294.

1. "Fraud" refers to an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.
2. "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
3. "Despicable Malice" is defined as despicable conduct done willfully and in conscious disregard of the rights or safety of another.
4. "Intentional Malice" is conduct that the defendant intends to cause injury to the plaintiff.

*Id*.

Of these four bases for an award of punitive damages (intentional malice, despicable malice, oppression, and fraud), only two – fraud and intentional malice – require an intent to cause injury. *Id*. As a result, only findings of fraud or intentional malice satisfy the § 523(a)(6) willfulness requirement for the purposes of issue preclusion. Conversely, despicable malice and oppression, which arise from acts in conscious disregard of another's rights or safety, fail to satisfy the requisite state of mind for § 523(a)(6) willfulness. *Plyam*, at 465. As defined by the California Supreme Court, a person acts with a conscious disregard of another's rights or safety when he is aware of the probable dangerous consequences of his conduct and he willfully and deliberately fails to avoid those consequences. *Id*. (citing *Taylor v. Super. Ct*., 24 Cal.3d 890, 895–96 (1979)). The key distinction, thus, between "conscious disregard" and "intent" is whether the actor intends the injury itself, not just the act that leads to the injury. As stated by the *Plyam* Court,

> The critical difference between intentional and reckless misconduct is the necessary state of mind; for conduct to be reckless, the person must intend the reckless act but need not intend to cause the resulting harm. To establish recklessness, it is sufficient that the person realizes (or should realize) the "strong probability that harm may result, even though he hopes or even expects that his conduct will prove harmless." But, a strong probability is not equivalent to substantial certainty. ("[A] strong probability is a different thing from the substantial certainty without which he cannot be said to intend the harm in which his act results.") …Thus, "[a]s the probability that [injurious] consequences will follow decreases, and becomes less than substantial certainty, the [person's] conduct loses the character of intent, and becomes mere recklessness."

*Plyam* at 467 (internal citations omitted).[4] Next, the Court looks to the record of the case to determine whether any facts in the record before the State Court permit this Court to infer that the award of punitive damages necessarily flowed from a determination that Sangha published falsehoods with a specific intent to injure Schrader.

First, in rendering default judgment in Schrader's favor, the State Court necessarily found that Sangha published false and unprivileged statements about Schrader because the sole claims asserted by Schrader in the second amended complaint were for Slander Per Se pursuant to California Civil Code § 46. *Gottlieb v. Kest*, 141 Cal. App. 4th 110, 149, 46 Cal. Rptr. 3d 7, 34 (2006) ("Default judgment conclusively establishes, between the parties so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action, and every fact necessary to uphold the default judgment; but such judgment is not conclusive as to any defense or issue which was not raised and is not necessary to uphold the judgment."). Second, the material allegations underpinning the State Court Judgment are that Sangha published false statements regarding verbal, physical, and emotional abuse by Schrader. *In re Sangha*, *1 n.3. Thus, the truth of these material allegations was established when the State Court rendered its default judgment in favor of Schrader and this Court must accept that the State Court necessarily decided that Sangha uttered falsehoods about Schrader that were of an incredibly inflammatory nature. *See Gottlieb v. Kest*, 141 Cal. App. 4th at 149. The collateral estoppel effect of the State Court Judgment precludes Sangha from challenging any of the material factual issues that were both raised in Schrader's State Court pleadings and which were necessary to uphold the judgment. *See In re Moore*, 186 B.R. 962, 972 (Bankr. N.D. Cal. 1995). In sum, the limits of what was necessarily decided by the State Court are that Sangha uttered falsehoods and that those falsehoods were stated with a degree of malice. However, these established facts are insufficient for this Court to determine that the State Court necessarily decided Sangha's subjective intent.

Critically, to parse Sangha's degree of intentionality when he uttered the inflammatory falsehoods about Schrader, the record would have to indicate that the State Court considered not just the

---

[4] The BAP analyzed the definitions of reckless misconduct and conscious disregard under California law and found them to be substantively similar. *Plyam* at 469.

- 10 -

alleged injury (the withdrawal of Schrader's employment offer), but also Sangha's level of certainty that the statements he was made to the contracted investigator were substantially certain to adversely impact Schrader's hiring prospects. As discussed, *supra*, under California law, knowledge that an action has the strong probability of resulting in a specific consequence is insufficient to find that the actor intended the consequence; there must instead be a **substantial certainty** that the consequence will result from one's actions. *See Plyam* at 467. Here, the Court has reviewed the record of the State Court proceedings and finds no conclusive support in the record for a finding that the State Court necessarily awarded punitive damages to Schrader on the basis that Sangha acted with the subjective intent to injure him. To the contrary, at the hearing on the default judgment prove-up, the State Court Judge made no remarks or references to Sangha's state of mind. The questioning was limited to calculation of damages. Although, Mr. Schrader was asked to state the bases for his request for damages, the State Court further made no remarks indicating that the degree of Sangha's subjective intent was being weighed. Moreover, Schrader has pointed to no other support from which this Court could infer Sangha's intent to injure from a finding that he committed malice in fact when supported by other facts in the record (*e.g.* the State Court made no comments and issued no rulings prior to the hearing on the default judgment motion in which it addressed or determined Sangha's subjective intent). *Sangha*, 2015 WL 3655113, at *6.

In addition to the foregoing, the State Court made no findings regarding Sangha's specific knowledge of the San Jose Fire Department's hiring practices, and the State Court was not required to make any such finding to award punitive damages because even a reckless utterance of falsehoods was enough to award punitive damages under either a theory of oppression or despicable malice. For example, while this Court can interpret the circumstantial facts surrounding the falsehoods made by Sangha as being made with the subjective intent to injure Schrader, the record before the State Court leaves open an interpretation that Sangha intended only to impact Schrader's reputation in a general sense, perhaps merely to delay an employment offer, without the substantial certainty that Schrader would not get an employment offer, and by extension, without the requisite intent to injure Schrader. Thus, against the backdrop of California's narrow rule restricting the legal effect of default judgments to those matters necessarily decided or expressly adjudicated, and finding that the State Court's punitive damages award is limited to a finding that Sangha uttered falsehoods which caused injury to Schrader

with an unspecified degree of malice, the Court finds the State Court Judgment insufficient to permit application of collateral estoppel as to the willfulness prong of § 523(a)(6).

### 3. MALICIOUS INJURY

For conduct to be malicious, the creditor must prove that the debtor: (1) committed a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) was done without just cause or excuse. *In re Su*, 290 F.3d at 1143.

"Words which fall within the purview of Civil Code § 46 are deemed to constitute slander per se," *Albertini v. Schaefer*, 97 Cal.App.3d 822, 829, 159 Cal.Rptr. 98 (Cal.Ct.App.1979), and "a cause of action for actual or compensatory damages is conclusively established." *Clark v. McClurg*, 215 Cal. 279, 284, 9 P.2d 505 (1932). Damage to one's reputation is also ***presumed*** from a false charge of a crime. *See Allard v. Church of Scientology of California*, 58 Cal.App.3d 439, 450, 129 Cal.Rptr. 797 (Cal.Ct.App.1976)(emphasis added).

For purposes of the law of slander, "publication" does not require dissemination to a substantial number of individuals. Rather, it is sufficient that the slander "is communicated to a single individual other than the one defamed." *Lundquist v. Reusser*, 7 Cal.4th 1193, 1203, 31 Cal.Rptr.2d 776, 875 P.2d 1279 (1994) (citation omitted). Further, "[i]t is not necessary that anyone believe [the defamatory statement] to be true, since the fact that such words are in circulation at all concerning the plaintiff must be to some extent injurious to his reputation." *Arno v. Stewart*, 245 Cal.App.2d 955, 963, 54 Cal.Rptr. 392 (Cal.Ct.App.1966).

Here, the SAC specifically stated causes of action under California law pursuant to § 46, which allegations are repeated and incorporated by reference in the Complaint pending before this Court. Having entered judgment in favor of Schrader, the State Court necessarily found that Sangha uttered a false and unprivileged publication (which constitutes a wrongful act), which wrongful act was intentional (Sangha's intentional utterance of the alleged statements is inferred based on the allegations that the facts were false when made, that Sangha knew them to be false, and that they were nevertheless published to a third party by Sangha). Further, the injury to the Plaintiff's reputation would have been presumed by the State Court from the falsity of the statements (the Court notes that the general injury to the Plaintiff's reputation is distinguished from the specific injury at issue in the SAC – namely, the

withdrawal of the conditional offer of employment). *See Allard* at 439. The above analysis indicates that as to the first three elements of the 'maliciousness' prong, Schrader prevails. However, a review of applicable state and federal caselaw indicates that the State Court Judgment is insufficient on its own to satisfy the fourth element of the "maliciousness" inquiry – *i.e.*, whether the wrongful act was undertaken without just cause or excuse.

Courts to consider the issue have determined that just cause or excuse is in the nature of an affirmative defense, *Petralia v. Jercich* (*In re Jercich*), 238 F.3d 1202, 1208 (9th Cir. 2001); *In re Hagele*, 2016 WL 3965899, at *6 (B.A.P. 9th Cir. July 18, 2016), and under California law, a default judgment is conclusive as to the matters necessary to uphold the particular judgment, but it is not conclusive in a subsequent action as to matters not raised in the pleadings or as to defenses that could have been but were not raised. *California Affirmative Defenses*, § 14:9 Decision on Merits - Default Judgments (2d ed.). As such, the State Court Judgment is by itself insufficient to satisfy the 'without just cause or excuse' element of maliciousness. Nevertheless, the Court's review of the State Court record, as evidenced in Schrader's original Motion for Summary Judgment and supporting documents (Docket Nos. 108, 109, 111, and 112) indicates that prior to the entry of judgment in Schrader's favor, the State Court considered and determined a motion by Schrader for terminating sanctions against Sangha. The State Court's docket and Schrader's declaration indicate that the motion for terminating sanctions was heard and determined with no opposition from Sangha and the result was that his answer was stricken in its entirety on a finding that Sangha's "failure to respond to the [State Court's] orders compelling a response to interrogatory is willful." (Docket No. 112 at ¶¶ 47-48). California law holds that a decision to order terminating sanctions 'should not be made lightly' but that where a violation is "willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with discovery rules, the trial court is justified in imposing the ultimate sanction." *Van Sickle v. Gilbert*, 196 Cal. App. 4th 1495, 1516, 127 Cal. Rptr. 3d 542, 557 (2011). On this final point, the Court finds that collateral estoppel[5] must apply to bar relitigation of the defenses that were raised or

---

[5] The Court finds, in the alternative, that the Rooker–Feldman doctrine, which bars district courts, and by extension bankruptcy courts, from hearing cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments applies to bar relitigation of any defenses that Sangha could have raised to the defamation claim. The practical effect of permitting Sangha to assert defenses to the defamation claim of Schrader now would be to permit reconsideration of the State

that could have been raised by Sangha in State Court because the State Court's order granting Schrader's motion for terminating sanctions represented actual litigation of the identical issue (the ability of Sangha to raise defenses to Schrader's defamation claims) that was necessarily decided in the State Court proceeding and which decision was final and on the merits as between the same parties – Sangha and Schrader.[6]  Based on the foregoing, the Court finds that Sangha is precluded from litigating the issue of 'just cause and excuse'. The Court shall enter partial summary judgment as to the 'maliciousness' prong of § 523(a)(6).

//
//
//

---

Court's order granting terminating sanctions against him. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 280, 125 S. Ct. 1517, 1518, 161 L. Ed. 2d 454 (2005).

[6] *See e.g*., *In re Marciano*, 446 B.R. 407, 428 (Bankr. C.D. Cal. 2010), aff'd, 459 B.R. 27 (B.A.P. 9th Cir. 2011), aff'd, 708 F.3d 1123 (9th Cir. 2013) (Terminating sanctions advance the truth-seeking function of litigation by prodding parties to fulfill their discovery obligations. Determining that a claim based on a sanctions judgment is the subject of a bona fide dispute would reward the party whose conduct thwarted the policy of settling disputes on the merits.)

## VI. CONCLUSION

Based upon the foregoing, Schrader is not entitled to summary judgment as to 'willfulness' but partial summary judgment shall be entered as to a finding that the State Court Judgment and record support a finding that Sangha's conduct as adjudicated by the State Court was 'malicious' under § 523(a)(6). The Court shall reset the status conference and the parties are required to file a joint status report in advance of said status conference to provide the Court with information regarding the need for additional discovery and proposed timelines to move the case forward to a trial on the remaining issue of 'willfullness.'

###

Date: March 15, 2019

Mark Houle
United States Bankruptcy Judge